**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
Rory B. Heller (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com
rbheller@debevoise.com

*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| CCA Construction, Inc.,[1] | Case No. 24-22548 (CMG) |
| Debtor. | |

### NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

**PLEASE TAKE NOTICE** that on __January 30, 2025 at 10:00 a.m. (prevailing Eastern Time)__, or as soon thereafter as counsel may be heard, the above-captioned debtor and debtor in possession ("**CCA**" or the "**Debtor**") shall move the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course*

---

[1] The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

48920303

*of Business* (the "**Motion**") before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, in Courtroom 3 of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608, for entry of an order (the "**Order**"), substantially in the form submitted herewith, establishing procedures for the employment and payment of professionals who provide services to the Debtor in the ordinary course of business.

 **PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Motion, CCA shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "**General Order**") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "**Supplemental Commentary**") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

 **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this chapter 11 case may be obtained free of charge by visiting the website of Kurtzman Carson Consultants, LLC dba Verita Global at https://veritaglobal.net/cca.  You may also obtain copies of any

48920303

pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the

procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief

requested may be granted without further notice or hearing.

DATED:  January 9, 2025                         Respectfully submitted,

                                       By:      */s/Michael D. Sirota*
                                                **COLE SCHOTZ P.C.**
                                                Michael D. Sirota
                                                Warren A. Usatine
                                                Felice R. Yudkin
                                                Ryan T. Jareck
                                                25 Main Street
                                                Hackensack, NJ, 07601
                                                (201) 489-3000
                                                msirota@coleschotz.com
                                                wusatine@coleschotz.com
                                                fyudkin@coleschotz.com
                                                rjareck@coleschotz.com

                                                -and-

                                                **DEBEVOISE & PLIMPTON LLP**
                                                M. Natasha Labovitz (admitted *pro hac vice*)
                                                Sidney P. Levinson (admitted *pro hac vice*)
                                                Elie J. Worenklein
                                                Rory B. Heller (admitted *pro hac vice*)
                                                66 Hudson Boulevard
                                                New York, NY 10001
                                                Telephone:     (212) 909-6000
                                                Facsimile:     (212) 909-6836
                                                nlabovitz@debevoise.com
                                                slevinson@debevoise.com
                                                eworenklein@debevoise.com

                                                *Proposed Co-Counsel to the Debtor*
                                                *and Debtor in Possession*

48920303

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
Rory B. Heller (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com
rbheller@debevoise.com

*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| CCA Construction, Inc.,[1] | Case No. 24-22548 (CMG) |
| Debtor. | |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING THE DEBTOR TO EMPLOY AND COMPENSATE
### PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

TO THE HONORABLE CHRISTINE M. GRAVELLE
UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor in possession ("**CCA**" or the "**Debtor**") in the

above-captioned chapter 11 case states the following in support of this motion (this "**Motion**"):

---

[1]    The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for
the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

48920303

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**")

has jurisdiction over this matter pursuant to 28 U.S.C.  §§ 157 and 1334 and the *Standing Order*

*of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  CCA consents to the entry of a final order by the Court in

connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

III of the United States Constitution.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 327, and

503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"),

rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule

9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**").

## Background

4.      CCA is headquartered in New Jersey and provides construction management,

program management, and general contracting services for public and private clients through its

non-debtor operating subsidiaries (the "**Non-Debtor Subsidiaries**," and together with CCA, the

"**CCA Group**"). In particular, CCA supports its Non-Debtor Subsidiaries by providing them with

key shared services to enable them to deliver large-scale projects in civil, commercial, residential,

and public infrastructure sectors. As set forth in the First Day Declarations, defined below, CCA

performs construction and project management services on large scale projects primarily in the

New York and New Jersey metropolitan area.

2

5.      On December 22, 2024 (the "**Petition Date**"), CCA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. CCA is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case and no statutory committee has been appointed or designated.

6.      Additional information regarding CCA, the events leading up to the Petition Date, and the facts and circumstances supporting the relief requested in this motion is set forth in the *Declaration of Yan Wei, Chairman and Chief Executive Officer of the Debtor, in Support of Chapter 11 Petition* [ECF. 11] (the "**Wei Declaration**") and the *Declaration of Evan Blum in Support of First Day Pleadings and Debtor in Possession Financing* [ECF. 12] (the "**BDO Declaration**" and, together with the Wei Declaration, the "**First Day Declarations**").

## Relief Requested

7.      CCA currently utilizes the services of various professionals to assist it on a day-to-day basis in the ordinary course of its business (the "**Ordinary Course Professionals**").   CCA seeks entry of an order, pursuant to sections 105(a), 327, and 503(b) of the Bankruptcy Code, substantially in the form attached hereto as **Exhibit A** (the "**Order**") authorizing it to (i) continue to employ and compensate certain Ordinary Course Professionals to render services similar to the services that the Ordinary Course Professionals rendered before the Petition Date and, if necessary, (ii) retain any additional  Ordinary Course Professionals as may be necessary during the pendency of this chapter 11 case, in accordance with the procedures described below.[2] The Ordinary Course Professionals provide services to CCA in a variety of matters unrelated to the prosecution of this

---

[2]     The proposed ordinary course retention and payment procedures set forth herein will not apply to those non-Ordinary Course Professionals for which the Debtor has filed or will file separate applications for approval of employment and retention.

3

chapter 11 case including, but not limited to, those services provided by Ordinary Course Professionals identified on **Exhibit 3** to the Order (the "**Initial Ordinary Course Professionals**").[3]

8.      CCA seeks authority to employ and compensate Ordinary Course Professionals, pursuant to the following procedures:

(a)      CCA proposes that it be permitted to continue to employ and retain the Initial Ordinary Course Professionals. Within thirty (30) days of the later of (a) the entry of an order granting the relief requested herein or (b) the date on which each retained Initial Ordinary Course Professional commences services for CCA, each Initial Ordinary Course Professional will be required to provide to CCA's counsel a declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form annexed as **Exhibit 1** to the Order, certifying that the professional does not represent or hold any interest adverse to CCA or its estate with respect to the matter on which the professional is to be employed (an "**OCP Declaration**") and a completed retention questionnaire substantially in the from attached as **Exhibit 2** to the Order (the "**Retention Questionnaire**") for filing with the Court and service upon: (i) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"), One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. and Peter J. D'Auria, Esq.; (ii) counsel to any official committee appointed in this chapter 11 case; (iii) counsel for the DIP Lender, Lowenstein Sandler LLP, Attn: Jeffrey Cohen and Andrew Behlmann; and (iv) those parties who have filed a notice of appearance and request for service of pleadings in this chapter 11 case pursuant to Bankruptcy Rule 2002 (collectively, the "**Retention Notice Parties**").

(b)      CCA will be authorized to employ and retain additional ordinary course professionals not currently listed as Initial Ordinary Course Professionals as future circumstances require (the "**Additional Ordinary Course Professionals**"), by filing with the Court, and serving on the Retention Notice Parties, a supplement to **Exhibit 3** to the Order (the "**Supplemental List**"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable Monthly Fee Cap, defined below, and serving a copy of the Supplemental List on the Retention Notice Parties, and by otherwise

---

[3]      CCA reserves the right to argue that, pursuant to section 363 of the Bankruptcy Code, Court approval is not required for CCA to hire or retain certain Ordinary Course Professionals.  Nevertheless, out of an abundance of caution, CCA seeks the relief requested in this Motion to avoid any controversy as to CCA's employment and payment of the Ordinary Course Professionals during the pendency of this chapter 11 case.

4

complying with the terms of these procedures. Such authorization is effective retroactive to the date of filing the Supplemental List or the applicable date of engagement. Within thirty (30) days of the filing of such Supplemental List, each Additional Ordinary Course Professional shall provide to CCA and CCA's counsel an OCP Declaration and Retention Questionnaire, and CCA will file such documentation with the Court and serve a copy on the Retention Notice Parties.

(c)     The Retention Notice Parties shall have fourteen (14) days after service of each OCP Declaration and Retention Questionnaire to object to the retention of the applicable Ordinary Course Professional (the "**Retention Objection Deadline**") and any such objection shall be filed with the Court and served upon CCA, the relevant Ordinary Course Professional, and the Retention Notice Parties.  If no objection is filed prior to the Retention Objection Deadline, CCA's request that the employment and retention of the Ordinary Course Professional be deemed approved without further order of the Court.  If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within twenty (20) days, CCA will schedule the matter for a hearing before the Court, and CCA and/or the relevant Ordinary Course Professional will have the right to file a reply with respect to any objection prior to the scheduled hearing.

(d)     CCA shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its OCP Declaration and Retention Questionnaire to CCA; (b) such OCP Declaration and Retention Questionnaire have been filed with the Court and served on the Retention Notice Parties; (c) the Retention Objection Deadline has expired; and (d) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

(e)     CCA shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above one hundred percent (100%) of the fees and disbursements incurred with the respect to postpetition services, upon the submission to, and approval by, CCA of an appropriate invoice, a copy of which shall be provided to the U.S. Trustee and counsel to any official committee appointed in this chapter 11 case, setting forth in reasonable detail the nature of the serviced rendered and expenses actually incurred during the month, without prejudice and subject to (i) CCA's right to dispute any such invoice in the ordinary course and (ii) the rights of the Retention Notice Parties to file an Ordinary Course Professional Fee Objection (defined below) in accordance with paragraph 8(i) hereof; *provided, however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the monthly fee cap set forth in **Exhibit 3**

to the Order or in any Supplemental List (the "**Monthly Fee Cap**"), as applicable, on average over any three-month period on a rolling basis.

(f)     CCA shall have the authority to change the Monthly Fee Cap applicable to any given Ordinary Course Professional in its reasonable discretion and in consultation with any official committee appointed in this chapter 11 case upon seven (7) days' notice to the Retention Notice Parties, subject to objection by the Retention Notice Parties.

(g)     If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis such Ordinary Course Professional shall file a: (i) fee application  in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedures, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013* (the "**U.S. Trustee Fee Guidelines**"), and any other procedures and orders of the Court, and (ii) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap. The Retention Notice Parties and any other party in interest shall then have fourteen (14) days to object to such fee application by serving such objection upon the Retention Notice Parties and the relevant Ordinary Course Professional.  Each Ordinary Course Professional that is a law firm and exceeds the Monthly Fee Cap shall agree to make a reasonable effort to comply with the U.S. Trustee Fee Guidelines.

(h)     Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), CCA shall file with this Court, and serve upon the Retention Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements shall terminate upon confirmation of a plan of reorganization in this chapter 11 case.

(i)     On the date that is established in this chapter 11 case for professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, CCA shall file a statement (the "**Final Statement**") for each of the Ordinary Course Professionals. The Final Statement shall include the following information

6

for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid postpetition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during this chapter 11 case. The Final Statement shall be served upon the Retention Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "**Ordinary Course Professional Fee Objection**").

## **Basis for Relief**

9.      Section 327(a) of the Bankruptcy Code provides that a debtor may employ one or more "professional persons" that do not hold any interests adverse to its estate and are "disinterested persons" as defined in section 101(14) of the Bankruptcy Code.

10.     Courts consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the Court:

(a)      whether any entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b)      whether the entity is involved in negotiating the terms of a plan of reorganization;

(c)      whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d)      whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e)      the extent of the entity's involvement in the administration of the debtor's estate; and

(f)      whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *2 (Bankr. D. Del. 1997).  The

"professionals" covered by section 327 of the Bankruptcy Code, however, are limited to those

entities or individuals that play an "intimate or central role in the administration of the debtor's

bankruptcy proceeding."  *See In re Nine West Holdings, Inc.*, 588 B.R. 678, 693 (Bankr.

S.D.N.Y. 2018); *In re Heritage Home Grp. LLC*, 2018 WL 4684802, at *3, 4 (Bankr. D. Del.

2018) (holding that a consultant was not a "professional" under section 327 where consultant

was not "intimately involved in the reorganization process"); *Committee of Asbestos-Related*

*Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns- Manville Corp.)*, 60 B.R. 612,

619-20 (Bankr. S.D.N.Y. 1986) (stating that only those professionals involved in the actual

reorganization effort, rather than debtor's ongoing business, require approval under section 327 of

the Bankruptcy Code).

11.     Section 327(e) of the Bankruptcy Code further provides that, "with the court's

approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the
> case, an attorney that has represented the debtor, if in the best interest of the estate,
> and if such attorney does not represent or hold any interest adverse to the debtor or
> to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  While section 327(e) is limited to retained attorneys, courts have also applied

the same legal standard to the retention of other ordinary course professionals. *See e.g., In re RIH*

*Acquisitions NJ, LLC*, 551 B.R. 563, 569 (Bankr. D. N.J. 2016) ("While the Defendant was not

retained as an attorney, the Defendant's retention as an ordinary course professional for a specified

purpose was similar to retention of special counsel under § 327(e).").

12.     Considering these factors, CCA does not believe that the Ordinary Course

Professionals are "professionals" within the meaning of section 327 of the Bankruptcy Code.

Specifically, the Ordinary Course Professionals will not be involved in the administration of

48920303

this chapter 11 case.   Instead, they will provide services in connection with CCA's business operations that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, CCA seeks the relief requested in this Motion to establish clear mechanisms for the retention and payment of the Ordinary Course Professionals and to avoid any subsequent controversy with respect thereto.

13.      CCA submits that the employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth above is in the best interests of CCA's estate and its creditors.   The relief requested herein will save the estate the substantial expenses associated with applying separately for the employment of each professional.   Further, the requested relief will avoid additional fees for the preparation and prosecution of interim fee applications.  Likewise, the procedures outlined above will relieve the Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts, while ensuring the appropriate oversight of CCA's use of the Ordinary Course Professionals.

14.      Courts in this District have consistently granted similar relief in other chapter 11 cases. *See*, *e.g.*, *In re Thrasio Holdings, Inc.,* No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024); *In re Invitae Corporation,* No. 24-11362 (MBK) (Bankr. D.N.J. Mar. 18, 2024); *In re Careismatic Brands, LLC,* No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024); *In re Rite Aid Corporation,* No. 23-18993 (MBK) (Bankr. D.N.J. Dec. 20, 2023); *In re WeWork Inc.,* No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 6, 2023); *In re DirectBuy Home Improvement, Inc.* No. 23-19159 (SLM) (Bankr. D.N.J. Dec. 5, 2023); *In re CTI Liquidation Co, Inc. (f/k/a Cyxtera Technologies, Inc.),* No. 23-14852 (JKS) (Bankr. D.N.J. Aug. 1, 2023); *In re. David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. May 18, 2023); *In re Bed Bath & Beyond Inc.,* No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 17, 2023).

9

## **Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

15.    To implement the foregoing successfully, CCA requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that CCA has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Reservation of Rights**

16.    Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against CCA, (b) a waiver of CCA's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of CCA's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by CCA that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of CCA's rights to subsequently dispute such claim.

48920303

## Notice

17.     CCA will provide notice of this Motion to the following parties or their respective counsel:  (a) the Office of the U.S. Trustee for the District of New Jersey, Attn: Fran B. Steele, Esq. and Peter J. D'Auria, Esq.; (b) counsel for the DIP Lender, Lowenstein Sandler LLP, Attn: Jeffrey Cohen and Andrew Behlmann; (c) the Internal Revenue Service; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (e) the Ordinary Course Professionals set forth in Exhibit 3 to the Order and any subsequently named Ordinary Course Professionals.  CCA submits that, in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

## Waiver of Memorandum of Law

18.     CCA respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which CCA relies is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank.]*

**WHEREFORE** CCA requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

DATED:  January 9, 2025                    Respectfully submitted,

                                          By:    */s/Michael D. Sirota*

                                                **COLE SCHOTZ P.C.**
                                                Michael D. Sirota
       Warren A. Usatine
       Felice R. Yudkin
       Ryan T. Jareck
       25 Main Street
       Hackensack, NJ, 07601
       (201) 489-3000
       msirota@coleschotz.com
       wusatine@coleschotz.com
       fyudkin@coleschotz.com
       rjareck@coleschotz.com

       -and-

       **DEBEVOISE & PLIMPTON LLP**
       M. Natasha Labovitz (admitted *pro hac vice*)
       Sidney P. Levinson (admitted *pro hac vice*)
       Elie J. Worenklein
       Rory B. Heller (admitted *pro hac vice*)
       66 Hudson Boulevard
       New York, NY 10001
       Telephone:     (212) 909-6000
       Facsimile:     (212) 909-6836
       nlabovitz@debevoise.com
       slevinson@debevoise.com
       eworenklein@debevoise.com

       *Proposed Co-Counsel to the Debtor*
       *and Debtor in Possession*

# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
25 Main Street
Hackensack, NJ, 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
Rory B. Heller (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone:      (212) 909-6000
Facsimile:      (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| CCA Construction, Inc.,[1] | Case No. 24-22548 (CMG) |
| Debtor. | |

---

[1]    The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960..

48920303

Page (2)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

## ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The relief set forth on the following pages, numbered three (3) through fourteen (14), is hereby **ORDERED**.

Page (3)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

Upon the *Debtor's Motion for Entry of an Order Authorizing The Debtor To Employ And Compensate Professionals Utilized In The Ordinary Course Of Business* [ECF ___] (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Order**"), authorizing CCA to employ and compensate professionals utilized in the ordinary course of business, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that CCA's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       This Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

48920303

Page (4)
Debtor:              CCA Construction, Inc.
Case No.:            24-22548 (CMG)
Caption of Order:    Order Authorizing the Debtor to Employ and Compensate Professionals
                     Utilized in the Ordinary Course of Business

2.      CCA is authorized, but not directed, to employ and retain the Ordinary Course

Professionals listed on **Exhibit 3** to this Order (the "**Initial Ordinary Course Professionals**"),

and any Additional Ordinary Course Professionals (as defined in paragraph 4 of this Order and

collectively with the Initial Ordinary Course Professionals, the "**Ordinary Course

Professionals**"), without the need to file individual retention applications and obtain retention

orders for each such Ordinary Course Professional.  CCA is further authorized, but not directed,

to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable

postpetition retainer to the Ordinary Course Professional, and reimburse expenses incurred

pursuant to the terms of this Order.  Any advancement of a reasonable postpetition retainer to an

Ordinary Course Professional shall be subject to notice being provided to the Retention Notice

Parties (as defined herein) with an opportunity to object within seven (7) days of service of such

notice.  Such objection deadline shall be subject to extension by agreement of CCA, the U.S.

Trustee and any official committee appointed in this chapter 11 case.  Such authorizations are

effective as of the Petition Date or the applicable date of engagement.

3.      Within five (5) business days after the date of entry of this Order, CCA shall serve

this Order including each exhibit hereto upon each Initial Ordinary Course Professional.

Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on

which each retained Initial Ordinary Course Professional commences services for CCA, each

Initial Ordinary Course Professional shall provide to CCA and CCA's counsel a declaration

pursuant to Section 1746 of title 28 of the United States Code, substantially in the form attached

hereto as **Exhibit 1** ("**OCP Declaration**")  and a completed retention questionnaire substantially

48920303

Page (5)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

in the from attached as **Exhibit 2** ("**Retention Questionnaire**") for filing with the Court. Upon receipt of an OCP Declaration and Retention Questionnaire, CCA will file such documents with the Court and serve a copy upon (i) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"), One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele, Esq. and Peter J. D'Auria, Esq.; (ii) counsel to any official committee appointed in this chapter 11 case; (iii) counsel for the DIP Lender, Lowenstein Sandler LLP, Attn: Jeffrey Cohen and Andrew Behlmann; and (iv) those parties who have filed a notice of appearance and request for service of pleadings in this chapter 11 case pursuant to Bankruptcy Rule 2002 (collectively, the "**Retention Notice Parties**"). Each OCP Declaration shall (a) certify that the Ordinary Course Professional does not represent or hold any interest to CCA or its estate with respect to the matter(s) on which such Ordinary Course Professional is to be employed, and (b) set forth in reasonable detail the nature of the services expected to be rendered by the Ordinary Course Professional, and the estimated monthly disbursement expected to be made by CCA to the Ordinary Course Professional during this chapter 11 case.

4.      CCA is authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 3** (the "**Additional Ordinary Course Professionals**") by filing with the Court, and serving on the Retention Notice Parties, a supplement to **Exhibit 3** (the "**Supplemental List**"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable Monthly Fee Cap, serving a copy of both the Supplemental List and the Retention Questionnaire on the Retention Notice Parties, and by otherwise complying with the terms of this

Page (6)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

Order.  Such authorization is effective retroactive to the date of filing the Supplemental List or the applicable date of engagement.   Within thirty (30) days of the filing of such Supplemental List, each Additional Ordinary Course Professional shall provide to CCA and CCA's counsel an OCP Declaration and Retention Questionnaire, and CCA will file such documentation with the Court and serve a copy on the Retention Notice Parties.

5.    The Retention Notice Parties shall have fourteen (14) days after the later of (i) the entry of this Order, or (ii) the service of any OCP Declaration, and  Retention Questionnaire (the "**Objection Deadline**") to object to the retention of any Ordinary Course Professional.  Any such objections shall be filed with the Court and served upon the Retention Notice Parties and the Ordinary Course Professional subject to such objection by the Objection Deadline.   If any objection cannot be resolved or withdrawn within fourteen (14) days after service (or on such earlier date as determined by CCA in its discretion), upon motion by CCA, such objection shall be scheduled for a hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, CCA, and the objecting party.  If no objection is received on or before the Objection Deadline, or it any submitted objection is timely withdrawn or resolved, CCA shall be authorized to retain the Ordinary Course Professional as a final matter without further other of the Court, as of the Petition Date or the applicable date of engagement.

6.    CCA shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its OCP Declaration and

Page (7)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

Retention Questionnaire to CCA; (b) such OCP Declaration and Retention Questionnaire  have been filed with the Court and served on the Retention Notice Parties; (c) the Objection Deadline has expired; and (d) no timely objection is pending.  If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      CCA shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above one hundred percent (100%) of the fees and disbursements incurred with the respect to postpetition services, upon the submission to, and approval by, CCA of an appropriate invoice, a copy of which shall be provided to the U.S. Trustee and counsel any official committee appointed in this chapter 11 case, setting forth in reasonable detail the nature of the serviced rendered and expenses actually incurred during the month, without prejudice and subject to (i) CCA's rights to dispute any such invoice in the ordinary course and (ii) the rights of the Retention Notice Parties to file an Ordinary Course Professional Fee Objection (defined below) in accordance with paragraph 11 hereof; provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the monthly fee cap set forth in **Exhibit 3** or in any Supplemental List (the "**Monthly Fee Cap**"), as applicable, on average over any three-month period on a rolling basis.

8.      CCA shall have the authority to change the Monthly Fee Cap applicable to any given Ordinary Course Professional in its reasonable discretion and in consultation with the any official committee appointed in this chapter 11 case upon seven (7) days' notice to the Retention Notice Parties, subject to objection by the Retention Notice Parties.

48920303

Page (8)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

9.      If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis such Ordinary Course Professional shall file a (i) fee application  in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedures, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013* (the "**U.S. Trustee Fee Guidelines**"), and any other procedures and orders of the Court, and (ii) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap. The Retention Notice Parties and any other party in interest shall then have fourteen (14) days to object to such fee application by serving such objection upon the Retention Notice Parties and the relevant Ordinary Course Professional.  Each Ordinary Course Professional that is a law firm and exceeds the Monthly Fee Cap shall agree to make a reasonable effort to comply with the U.S. Trustee Fee Guidelines.

10.      Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), CCA shall file with this Court, and serve upon the Retention Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services

Page (9)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (iii) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements shall terminate upon confirmation of a plan of reorganization in this chapter 11 case.

11.     On the date that is established in this chapter 11 case for professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, CCA shall file a statement (the "**Final Statement**") for each of the Ordinary Course Professionals. The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid postpetition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during this chapter 11 case. The Final Statement shall be served upon the Retention Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "**Ordinary Course Professional Fee Objection").**

12.     To the extent that any preexisting agreement between CCA and an Ordinary Course Professional provides for the indemnification by CCA of such Ordinary Course Professional in connection with the services that are the subject of this Order (each such agreement, an "**Ordinary Course Professional Agreement**"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of this chapter 11 case:

48920303

Page (10)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

a.    The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement unless the indemnification, contribution, or reimbursement is approved by the Court;

b.    Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, CCA shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense to the extent that it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Ordinary Course Professional's gross negligence, bad faith, fraud, self-dealing (if found to be applicable), breach of fiduciary duty (if any), or willful misconduct; (ii) for a contractual dispute in which CCA alleges breach of the Ordinary Course Professional's contractual obligations under the Ordinary Course Professional Agreement unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without CCA's consent prior to a judicial determination as to that exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by the Court;

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by CCA on account of CCA's indemnification, contribution and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by the provisions herein), including without limitation the advancement of defense costs, the Ordinary Course Professional must file an application before this Court and CCA may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement and not a provision limiting the duration of CCA's obligation to indemnify to the Ordinary Course Professional. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course

Page (11)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

Professional seeks reimbursement from CCA for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by this Court after notice and a hearing.

d. Any limitation of liability provisions or limitations on amounts to be contributed by the Ordinary Course Professional in the Ordinary Course Professional Agreement shall be eliminated.

13.    This Order shall not apply to any Chapter 11 Professional retained by a separate order of this Court.

14.    To the extent the Ordinary Course Professional uses independent contractors or subcontractors (as such terms may be defined or otherwise referenced in the Ordinary Course Professional Agreement), the Ordinary Course Professional agrees to (i) pass through the cost of any Ordinary Course Professional independent contractor or subcontractor at the same rate that the Ordinary Course Professional pays the Ordinary Course Professional independent contractor or subcontractor; (ii) seek reimbursement for actual costs only; (iii) ensure that the Ordinary Course Professional independent contractor or subcontractor (to the extent they are attorneys, accountants, or other agents) (A) are subject to the same conflict checks and disclosures as required by the Ordinary Course Professional and (B) file a supplemental declaration with the Court advising that it does not hold an interest adverse to CCA's estate, and (iv) attach any such invoices of the Ordinary Course Professional independent contractor or subcontractor to the Ordinary Course Professional's invoices.

Page (12)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

15. To the extent an Ordinary Course Professional Agreement contains dispute resolution language, any such dispute resolution language is revised to reflect that it is not in effect during the pendency of this bankruptcy case.

16. Each non-attorney Ordinary Course Professional shall waive any prepetition claim against CCA as a condition of its retention and compensation as an Ordinary Course Professional.

17. Each Ordinary Course Professional shall periodically update its OCP Declaration and Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided. Upon the filing of an updated OCP Declaration and/or Retention Questionnaire, the Retention Notice Parties and any party in interest shall have fourteen (14) days after service on the Retention Notice Parties to object to the changes.

18. Subject to the payment procedures set forth in this Order, CCA's rights and the right of any party in interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or otherwise prejudiced.

19. As this Order is only procedural in nature, the U.S. Trustee reserves all rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified in **Exhibit 3** to this Order and any Supplemental List.

20. CCA shall not make any payment to any Ordinary Course Professional that has not complied with the Ordinary Course Professional Procedures and the other terms of this Order.

21. Notwithstanding anything to the contrary in the Application or this Order, any payment made or authorization hereunder shall be subject to the applicable budget and/or cash

48920303

Page (13)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |

collateral authorization requirements imposed on CCA under any order(s) of this Court authorizing CCA's use of cash collateral and post-petition debtor-in-possession financing facilities, including any order(s) authorizing post-petition financing.

22. CCA is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

23. Notwithstanding any Bankruptcy or Local Rule to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

24. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby satisfied by the contents of the Motion or otherwise waived.

26. This Court retains exclusive jurisdiction with respect to all matters arising from or related to this Order.

## **EXHIBIT 1**

Form Declaration

**DEBEVOISE & PLIMPTON LLP**

M. Natasha Labovitz (admitted *pro hac vice*)

Sidney P. Levinson (admitted *pro hac vice*)

Elie J. Worenklein

Rory B. Heller (admitted *pro hac vice*)

66 Hudson Boulevard

New York, NY 10001

Telephone:  (212) 909-6000

Facsimile:  (212) 909-6836

nlabovitz@debevoise.com

slevinson@debevoise.com

eworenklein@debevoise.com

*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

**COLE SCHOTZ P.C.**

Michael D. Sirota

Warren A. Usatine

Felice R. Yudkin

Ryan T. Jareck

Court Plaza North, 25 Main Street

Hackensack, NJ 07601

Telephone:  (201) 489-3000

Facsimile: (201) 489-1536

msirota@coleschotz.com

wusatine@coleschotz.com

fyudkin@coleschotz.com

rjareck@coleschotz.com

*Proposed Co-Counsel to the Debtor and
Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| CCA Construction, Inc.,[1] | Case No. 24-22548 (CMG) |
| Debtor. | |

## DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME

I, [Declarant], pursuant to Section 1746 of title 28 of the United States Code, hereby declare

that the following is true to the best of my information, knowledge, and belief:

1.     I am a [**Title**] of [**Company Name**], located at [**Address**] (the "**Company**").

---

[1]     The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for
the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

48920303

2.        CCA Construction, Inc. ("**CCA**" or the "**Debtor**") has requested that the Company

provide [**Type of Services**] to CCA, and the Company has consented to provide such services.

3.        The Company may have in the past performed and may perform services in the

future, in matters unrelated to CCA's chapter 11 case, for persons that are parties-in- interest these

cases.  As part of its customary practice, the Company is retained in cases, proceedings, and

transactions involving many different parties, some of whom may represent or be claimants,

employees of CCA, or other parties-in-interest in these cases.  The Company does not perform

services for any such persons in connection with these cases.  In addition, the Company does not

have any relationship with any such persons, their attorneys, or accountants that would be adverse

to CCA or its estate.

4.        Neither I, nor any principal of or professional employed by the Company has agreed

to share or will share any portion of the compensation to be received from CCA with any other

person other than the principals and regular employees of the Company.

5.        Neither I, nor any principal of, or professional employed by the Company, insofar

as I have been able to discover, holds or represents any interest adverse to CCA or its estate.

6.        [**FOR LEGAL SERVICES FIRMS:** CCA owes the Firm $__ for pre-petition

services, the payment of which is subject to limitations contained in title 11 of the United States

Code, 11 U.S.C. 101-1532.]

7.        [**FOR NON-LEGAL SERVICE FIRMS ONLY:** The Firm agreed to waive all

unpaid amounts for services rendered prior to the Petition Date.]

8.        As of the Petition Date, which was the date on which CCA commenced this chapter

11 case, the Company [was/was not] party to an agreement for indemnification with CCA. [A copy

of such agreement is attached as **Exhibit 1** to this Declaration.]

9.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10.      I, or a representative of the Company, have read and am familiar with the requirements of the *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**]

_____

[**Declarant**]

48920303

**EXHIBIT 2**

Form Questionnaire

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
Rory B. Heller (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 24-22548 (CMG) |

## <u>RETENTION QUESTIONNAIRE</u>

## TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTOR

---

[1]    The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

**Please return this Questionnaire to:**

| | |
|---|---|
| **DEBEVOISE & PLIMPTON LLP** | **COLE SCHOTZ P.C.** |
| M. Natasha Labovitz (admitted *pro hac vice*) | Michael D. Sirota |
| Sidney P. Levinson (admitted *pro hac vice*) | Warren A. Usatine |
| Elie J. Worenklein | Felice R. Yudkin |
| Rory B. Heller (admitted *pro hac vice*) | Ryan T. Jareck |
| 66 Hudson Boulevard | Court Plaza North, 25 Main Street |
| New York, NY 10001 | Hackensack, NJ 07601 |
| Telephone:    (212) 909-6000 | Telephone:    (201) 489-3000 |
| Facsimile:    (212) 909-6836 | Facsimile: (201) 489-1536 |
| nlabovitz@debevoise.com | msirota@coleschotz.com |
| slevinson@debevoise.com | wusatine@coleschotz.com |
| eworenklein@debevoise.com | fyudkin@coleschotz.com |
| | rjareck@coleschotz.com |

*If more space is needed, please complete on a separate page and attach.*

1.    Name and address of firm:

_____

_____

_____

_____

_____

2.    Date of retention:

_____

3.    Type of services provided (accounting, legal, etc.):

_____

_____

_____

48920303

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6.      Prepetition claims against CCA held by the firm:

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7.      Prepetition claims against CCA held individually by any member, associate, or professional employee of the firm:

_____

_____

_____

48920303

8.      Disclose the nature and provide a brief description of any interest adverse to CCA

or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

9.      Name and title of individual completing this Retention Questionnaire:

_____

_____

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and information.

Dated: _____, 2024

_____

[Name]
[Title]
[Firm]

## EXHIBIT 3

**Current List of Ordinary Course Professionals and Related Services**

| Professional Name and Address | Description of Service Provided | Monthly Fee Cap if Services are Utilized[1] |
|---|---|---|
| Greenberg Traurig | Legal Services: Employment Law | $15,000.00 |
| Squire Patton Boggs (US) LLP | Legal Services: General & Litigation | $8,000.00 |
| Pillsbury Winthrop Shaw Pittman LLP | Legal Services: Litigation | $0.00 |
| Carlton Fields, P.A. | Legal Services: Litigation | $1,000.00 |
| CBIZ Marks Paneth, LLC | Tax Advisor | $300,000.00[2] |
| Barst & Mukamal LLP formally Barst Mukamal & Kleiner LLP | Legal Services: Immigration | $15,000.00 |
| Klasko Immigration Law Partners, LLP | Legal Services: Immigration | $10,000.00 |
| Chiesa Shahinian & Giantomasi PC | Legal Services: Immigration | $10,000.00 |

---

[1] The Monthly Fee Cap is limited to funds paid by CCA and excludes amounts paid to the Ordinary Course Professionals by any non-Debtor, including third-party insurers or obligors.

[2] This amount reflects a flat fee, which may be paid in installments.

48920303