**GIBBONS P.C.**
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Christopher P. Anton, Esq.
Kyle P. McEvilly, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Email: rmalone@gibbonslaw.com
       btheisen@gibbonslaw.com
       canton@gibbonslaw.com
       kmcevilly@gibbonslaw.com

*Counsel for BML Properties, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>                     Debtor. | (Hon. Christine M. Gravelle)<br><br>Chapter 11<br><br>Case No. 24-22548-CMG |

**DECLARATION OF BRETT S. THEISEN PURSUANT TO 28 U.S.C.
§ 1746 IN SUPPORT OF MOTION OF BML PROPERTIES, LTD. FOR
<u>ENTRY OF AN ORDER APPOINTING AN EXAMINER</u>**

**BRETT S. THEISEN**, of full age, under penalty of perjury, hereby declares as follows:

1. I am an attorney at law of the State of New Jersey and admitted to practice before this Court. I am a Director at Gibbons P.C. ("<u>Gibbons</u>"), located at 1 Gateway Ctr, Newark, NJ 07102, counsel to BML Properties, Ltd. ("<u>BMLP</u>") in the above-captioned bankruptcy proceeding (the "<u>Chapter 11 Case</u>").

---

[1] The last four digits of CCA's federal tax identification number are 4862. CCA's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

1

2. I submit this declaration, in support of the *Motion of BML Properties, Ltd. for Entry of an Order Appointing an Examiner* (the "Motion"), filed contemporaneously herewith.[2]

3. I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto. This Declaration is submitted pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, and I am authorized to submit it on behalf of BMLP.

**Facts Supporting the Motion**

4. Based on my discussions with CCA's bankruptcy counsel, Debevoise & Plimpton LLP ("Debevoise"), I understand that Ms. Elizabeth Abrams is represented by the same counsel and has the same financial advisors as CCA.

5. On or around January 14, 2025, the United States informed Gibbons that no creditors' committee will be formed in this Chapter 11 Case.

**Relevant Documents and Correspondence**

6. Attached hereto as Exhibit A is a true and correct copy of email correspondence between Gibbons and CCA's bankruptcy counsel, Debevoise & Plimpton LLP ("Debevoise") from December 23, 2024 through January 7, 2025 regarding the Automatic Stay Motion and financial reporting.

7. Attached hereto as Exhibit B is a true and correct copy of Debevoise's email from January 6, 2025 responding to the proposed financial reporting stipulation and Debevoise's attached markup.

8. Attached hereto as Exhibit C is a true and correct copy of the January 7, 2025 email from BMLP's financial advisor to CCA's financial advisor and the attached information requests.

---

[2] Capitalized terms used herein but not defined have the meanings ascribed to them in the Motion.

2

9. Attached hereto as <u>Exhibit D</u> is a true and correct copy of email correspondence from January 9, 2024 to January 14, 2024 between Gibbons, Debevoise, and CSCEC Holdings' counsel, Lowenstein Sandler ("<u>Lowenstein</u>"), regarding BMLP's requests for production.

10. Attached hereto as <u>Exhibit E</u> is a true and correct copy of BMLP's first requests for production of documents directed to CCA, dated January 9, 2025.

11. Attached hereto as <u>Exhibit F</u> is a true and correct copy of BMLP's first requests for production of documents directed to CSCEC Holdings, dated January 10, 2025.

12. Attached hereto as <u>Exhibit G</u> is a true and correct copy of BMLP's amended requests for production of documents directed to CSCEC Holdings, dated January 13, 2025.

13. Attached hereto as <u>Exhibit H</u> is a true and correct copy of CCA's responses and objections to BMLP's first requests, dated January 16, 2025.

14. Attached hereto as <u>Exhibit I</u> is a true and correct copy of the CSCEC Holdings' responses and objections to BMLP's amended document requests, dated January 16, 2025.

15. Attached hereto as <u>Exhibit J</u> is a true and correct copy of an email I sent on January 16, 2025 to Debevoise and Lowenstein regarding the parties meet & confer (identifying the parties' areas of dispute).

16. Attached hereto as <u>Exhibit K</u> is correspondence between Gibbons, Debevoise, and Lowenstein from January 17, 2025 through January 21, 2025 regarding the proposed protective order.

17. Attach hereto as <u>Exhibit L</u> is a true and correct copy of CCA's first production letter, dated January 21, 2025.

18. Attached hereto as <u>Exhibit M</u> is a true and correct copy of CCA's amended responses and objections to BMLP's document requests, dated January 21, 2025.

3

19. Attached hereto as <u>Exhibit N</u> is a true and correct copy of correspondence I sent to the Court on January 16, 2025.

20. Attached hereto as <u>Exhibit O</u> is a true and correct copy of an email CCA's financial advisor sent to BMLP's financial advisor sent on January 8, 2024.

21. Attached hereto as <u>Exhibit P</u> is a true and correct copy of CCA's second production letter, dated January 22, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 23, 2025                  */s/ Brett S. Theisen*
                                                Brett S. Theisen