UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Andrew Behlmann
Michael A. Kaplan
Nicole M. Fulfree
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
abehlmann@lowenstein.com
mkaplan@lowenstein.com
nfulfree@lowenstein.com
rchahil@lowenstein.com

-and-

Jeffrey L. Cohen (admitted *pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
Telephone: (212) 262-6700
jcohen@lowenstein.com

*Counsel to CSCEC Holding Company, Inc.*

| | |
|---|---|
| In re: | Case No. 24-22548 (CMG) |
| CCA Construction, Inc.,[1] | Chapter 11 |
| Debtor. | Judge: Christine M. Gravelle |

### CSCEC HOLDING COMPANY, INC.'S STATEMENT
### WITH RESPECT TO THE MOTION OF BML PROPERTIES, LTD.
### FOR ENTRY OF AN ORDER APPOINTING AN EXAMINER

CSCEC Holding Company, Inc. ("CSCEC Holding"), the parent company of and

postpetition DIP lender to the debtor in possession (the "Debtor") in the above-captioned chapter

---

[1] The last four digits of CCA Construction, Inc.'s ("CCA" or the "Debtor") federal tax identification number are 4862. CCA's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

11 case (the "Chapter 11 Case"), hereby files this statement with respect to the *Motion of BML Properties, Ltd. for Entry of an Order Appointing an Examiner* [Docket No. 88] (the "Examiner Motion") filed by BML Properties, Ltd. ("BMLP") and respectfully states as follows:

## STATEMENT

1.      BMLP has repeatedly made its intentions in the Chapter 11 Case clear:  It will take every conceivable opportunity to exploit the rules in the bankruptcy forum to further its goals far outside the bankruptcy forum.  In particular, BMLP seeks to abuse the bankruptcy process to enforce and collect on its judgment against two non-debtors—neither of which is CSCEC Holding—and presumably to try to expand the reach of its collection efforts to other non-debtors (something BMLP failed to accomplish in seven years of litigation).

2.      In a similar vein to the Rule 2004 subpoena recently served on CSCEC Holding, the Examiner Motion proposes an investigation that far exceeds the bounds permitted by section 1106(a)(3) (i.e., the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of its business, the desirability of the continuance of the debtor's business, and matters relevant to plan formulation) and instead focuses on topics including non-debtor affiliates and "any other any other such matters determined to be appropriate by the Examiner."  *See* Proposed Order ¶ 3. BMLP is seeking appointment of a new estate fiduciary merely to do BMLP's bidding.  In furtherance of that parochial objective, BMLP has proposed a scope of examination that is entirely self-serving and impermissibly overbroad, particularly where the Debtor has an independent director in place.

3.      CSCEC Holding categorically denies BMLP's spurious attempts to cast aspersions on the corporate separateness of CSCEC Holding.  All of the supposed facts that BMLP breathlessly asserts warrant appointment of an examiner allegedly occurred *ten or more years ago*. BMLP has had nearly seven years to investigate, assert, and try to prove claims in state court

against any putative defendants other than the Debtor and the two non-debtor defendants, but failed to do so.  The Examiner Motion is just the next step in BMLP's crusade to obtain an impermissible second (and far larger) bite at the apple at the expense of the estate.  *See* Proposed Order ¶ 3. BMLP's sweeping and conclusory allegations with respect to CSCEC Holding are completely unfounded.  Using estate resources to further BMLP's goals in non-bankruptcy litigation would not further the interests of the estate.

4.      BMLP categorizes CSCEC Holding's ability to "call a default under the DIP credit agreement if [the Examiner] Motion is approved and an examiner is appointed" (a standard term in DIP credit agreements) as "a blatant attempt to sidestep any independent inquiry in this case[.]" *See* Examiner Motion ¶ 4.  But BMLP conveniently ignores the fact that the Debtor already has an independent director who can fill that investigative role if and when an investigation becomes necessary.  Moreover, the relevant event of default would occur if the Court appoints an examiner *with enlarged powers* (beyond those set forth in section 1106(a)(3) and (4) of the Bankruptcy Code) under section 1106(b) of the Bankruptcy Code.  *See* DIP credit agreement Art. 7.1(e)(iv). Contrary to BMLP's assertions that CSCEC Holding could call a default based on the commencement of "any independent inquiry" in this case, (a) there is already an independent director in place and (b) appointment of an examiner with a narrowly tailored investigative scope and no expanded powers would not trigger a default.

5.      If the Court is inclined to grant the Examiner Motion, the scope of an examiner's investigation should be narrowly tailored, consistent with the restrictions on scope set forth in section 1106(a)(3) and (4) of the Bankruptcy Code.  Consistent with section 1104(c) of the Bankruptcy Code, the Court should consider the best interests of the Debtor and all stakeholders in determining the appropriate scope of any investigation.  "[T]he phrase 'as is appropriate' in

Section 1104(c) means the court retains broad discretion to direct the examiner's investigation, including its scope, degree, duration, and cost[.]" *In re FTX Trading Ltd.*, 91 F.4th 148, 156 (3d Cir. 2024) (internal citations and quotations omitted).  A broad-ranging inquiry based on the self-serving conjecture, innuendo, and decade-old allegations of a litigation adversary would be a waste of estate resources.

## CONCLUSION

WHEREFORE, CSCEC Holding respectfully submits that the Court should deny the Examiner Motion.

Respectfully submitted,

Dated:  February 6, 2025

*/s/ Andrew Behlmann*
Andrew Behlmann
Michael A. Kaplan
Nicole M. Fulfree
Rasmeet K. Chahil
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
abehlmann@lowenstein.com
mkaplan@lowenstein.com
nfulfree@lowenstein.com
rchahil@lowenstein.com

-and-

Jeffrey L. Cohen (admitted *pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
Telephone: (212) 262-6700
jcohen@lowenstein.com

*Counsel to CSCEC Holding Company, Inc.*