UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Fran B. Steele, Esq.
Peter J. D'Auria, Esq.
Savanna Bierne, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: Fran.B.Steele@usdoj.gov
Email: Peter.J.D'Auria@usdoj.gov
Email: Savanna.Bierne1@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CCA Construction, Inc., | : | Case No. 24-22548(CMG) |
| Debtor. | : | Hearing Date: February 13, 2025 at 10:00 a.m. |

**STATEMENT OF THE UNITED STATES TRUSTEE REGARDING
MOTION OF BML PROPERTIES, LTD.
FOR ENTRY OF AN ORDER APPOINTING AN EXAMINER**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, respectfully submits the following statement regarding the *Motion of BML Properties, Ltd., for Entry of an Order Directing the Appointment of an Examiner* (the "Examiner Motion") (Dkt. 88), and respectfully states as follows:

**JURISDICTION, VENUE AND STANDING**

1. This Court has jurisdiction to hear and determine this Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S.

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## FACTUAL BACKGROUND

4. On December 22, 2024, (the "Petition Date"), CCA Construction, Inc. ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* ECF No. 1.

5. According to the *Declaration of Yan Wei, Chairman and Chief Executive Officer of the Debtor, in Support of Chapter 1 Petition* ("Yan Wei Declaration"), the Debtor and its non-debtor operating subsidiaries (the "CCA Group") pursue business opportunities in the United States, focusing on construction activities primarily in the New York and New Jersey metropolitan area, Washington, D.C., the Carolinas and Texas. *See* Yan Wei Declaration, ¶ 8. "Historically, the CCA Group's projects have included hotels, office buildings, residential buildings, hospitals, transit stations, railroad extensions and bridges." *Id*.

6. The Debtor continues to operate his business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7. No trustee or examiner has been appointed in this chapter 11 case.

8. The U.S. Trustee has not appointed an official creditors' committee in this case.

9. On January 23, 2025, BML Properties, Ltd., ("BMLP") filed the Examiner Motion. As of the filing of this response, the Examiner Motion is set for a hearing on February 13, 2025, at 10:00 am.

10. On January 27, 2025, the Debtor filed its *Schedules of Assets and Liabilities for CCA Construction, Inc. (Case No. 24-22548)* ("Schedules"), and its *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* ("SOFA"). *See* ECF No. 99.

11. On February 6, 2025, the Debtor filed the *Debtor's Objection to Motion of BML Properties, Ltd. For Entry of an Order Appointing an Examiner* ("Debtor's Objection"). *See* ECF No. 99.

## STATEMENT

12. Section 1104(c) of title 11 of the United States Code (the "Bankruptcy Code") provides:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of [the Debtors] as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of [the Debtors] of or by current or former management of [the Debtors], if -
>
> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
> (2) [the Debtors'] fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c).

13. Under Section 1104(c)(2) of the Bankruptcy Code, if a debtor's total fixed, liquidated, unsecured debt (other than debts for goods, services, or taxes, or owing to an insider)

exceeds $5 million, then upon the request by the U.S. Trustee or a party in interest, the bankruptcy court must appoint an examiner. *See In re FTX Trading Ltd.*, 91 F.4th 148, 153 (3d Cir. 2024).

14. "There is no weighing of interests in subsection 1104(c)(2); the court is only permitted to determine whether the unsecured debt minimum of $5 million has been met." *Id.* at 154.

15. In this case, the Debtor's scheduled nonpriority unsecured claims total $1,768,746,262.12 in the aggregate, with the claim of BMLP scheduled in the amount of $1,642,598,493.00, and the sum of $124,804,769.44, described as "Intercompany Funding" owed to CSCEC Holding Company, Inc. *See Schedules* at ECF pg. no. 27 of 28. The Debtor does not list any secured creditors. *Id.* at ECF pg. no. 15 of 28. All creditors listed as priority unsecured claimants are scheduled in the amount of $0.00. *Id.* at ECF pg. no. 26 of 28. With that, the claim of BMLP is the Debtor's dominant creditor.

16. In the Examiner Motion, BMLP outlines that its claim arises from the New York Judgment[1]. *See Examiner Motion*, ¶ 21. BMLP further asserts that its judgment claim is such a debt that triggers the mandatory appointment of an examiner pursuant to 11 U.S.C. 1104(c)(2). *See Id.*, ¶¶ 50-56. The Debtor "contends that it is unclear whether the Trial Decision is a "fixed, liquidated, unsecured debt" within the meaning of Section 1104(c) of the Bankruptcy Code." *Debtor's Objection*, ¶ 41. The U.S. Trustee respectfully asserts that, in the event the Court determines that the claim held by BMLP is the type of debt that satisfies the debt requirement of

---

[1] This term shall have the meaning as ascribed in the Examiner Motion.

section 1104(c), then the Court must direct the appointment of an examiner, as such appointment would then be mandatory. *See FTX,* 91 F.4th at 153.

17. An examiner "is first and foremost disinterested and nonadversarial and answers solely to the Court." *FTX*, 91 F.4th at 156 (quotation marks, citation omitted). Pursuant to 11 U.S.C. §§ 1106(b) and 1106(a)(4), an examiner must file a public statement of his or her examination, which statement must include "any fact ascertained pertaining to . . . a cause of action available to the estate[.]" In *FTX*, the Third Circuit wrote: "to the extent the mandatory nature of subsection 1104(c)(2) encourages parties in interest to invoke an investigation to tactically delay proceedings, the bankruptcy court has discretion to continue with the confirmation process without receiving the examiner's findings or public report." *FTX,* 91 F.4th at 156. The U.S. Trustee makes no comment about the reason(s) the Motion was filed.

18. Under 11 U.S.C. § 1104(d), an examiner must be a disinterested person and, as such, may not be an insider. 11 U.S.C. § 101(14)(A). "The Code . . . forbids a debtor in possession, the quintessential 'insider,' from performing the duties of an examiner and investigating itself." *FTX*, 91 F.4th at 156. An examiner should perform an independent investigation and be authorized to follow the facts where they lead.

*[Remainder of Page Left Intentionally Blank]*

        Respectfully Submitted,

        **ANDREW R. VARA,**
        **UNITED STATES TRUSTEE**
        **REGIONS 3 & 9**


By:    */s/ Fran B. Steele*
        Fran B. Steele, Esq.
        Trial Attorney

By:    */s/ Peter J. D'Auria*
        Peter J. D'Auria, Esq.
        Trial Attorney

By:    */s/ Savanna Bierne*
        Savanna Bierne, Esq.
        Trial Attorney

Dated: February 10, 2025