**GIBBONS P.C.**
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Christopher P. Anton, Esq.
Kyle P. McEvilly, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Email: rmalone@gibbonslaw.com
      btheisen@gibbonslaw.com
      canton@gibbonslaw.com
      kmcevilly@gibbonslaw.com

*Counsel to BML Properties, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>                  Debtor. | (Hon. Christine M. Gravelle)<br><br>Chapter 11<br><br>Case No. 24-22548 (CMG) |

**MOTION OF BML PROPERTIES, LTD. TO FILE UNDER SEAL (I) REPLY OF BML PROPERTIES, LTD. IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER APPOINTING AN EXAMINER AND (II) SUPPLEMENTAL DECLARATION OF BRETT S. THEISEN IN SUPPORT OF BML PROPERTIES, LTD'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER APPOINTING EXAMINER**

BML Properties, Ltd. ("BMLP"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for authority to redact and file under seal: (i)

---

[1] The last four digits of CCA's federal tax identification number are 4862. CCA's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

3191497.1 118561-112515

the *Reply of BML Properties, Ltd. in Support of Motion for Entry of an Order Appointing an Examiner*, and (ii) the *Supplemental Declaration of Brett S. Theisen in Support of Reply of BML Properties, Ltd. in Support of Motion for Entry of an Order Appointing an Examiner* (together, the "Examiner Reply"). In support of the Motion, BMLP respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Standing Order of Reference* from the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). BMLP consents to entry of a final judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b)(1) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## FACTUAL BACKGROUND

4. On December 22, 2024 (the "Petition Date"), CCA Construction, Inc. (the "Debtor" or "CCA") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. BMLP has requested the appointment of an examiner pursuant to section 1104(c) of the Bankruptcy Code [Docket No. 88]. The Examiner Reply is filed in further support of that motion, and in response to objections filed by the Debtor and the DIP Lender.

6. On January 22, 2025, the Court entered the *Confidentiality Stipulation and Protective Order* [Docket No. 86] (the "Protective Order"), which governs the production and exchange of all documents, deposition testimony, deposition exhibits, interrogatories, and other information produced, given, or exchanged by and between the Debtor, CSCEC Holding Company, Inc. (the "DIP Lender") and BMLP (each a "Party," and collectively, the "Parties").

7. The Protective Order, among other things, requires a Party filing pleadings, documents or other papers containing Confidential Information or Highly Confidential (each as defined in the Protective Order) with the Court to take certain precautions to protect Confidential Information and Highly Confidential Information, including redacting and filing under seal such information.

8. BMLP files the Motion to comply with the Protective Order and otherwise protect certain confidential information exchanged among the Parties and relied upon in the Examiner Reply.

## RELIEF REQUESTED

9. By way of this Motion, BMLP seeks entry of the Proposed Order (i) authorizing BMLP to redact and file under seal the Examiner Reply, and (ii) sealing the Examiner Reply until the expiration of the judiciary records retention period at which time the documents will be permanently deleted.

## BASIS FOR RELIEF

10. The Court may grant the relief requested pursuant to section 107(b)(1) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1. Pursuant to section 107(b)(1), the Court may authorize the filing of certain documents under seal to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 sets forth the procedure by which a party may move to seal a

3

document under section 107(b).  In relevant part, "[o]n motion . . . the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also* Local Rule 9018-1 (setting out the procedure for obtaining a sealing order by filing a motion to seal and the proposed form of order).

11. Protections under section 107(b) extend to commercial information that, if disclosed to the public, could be used by parties or competitors for an unfair advantage. *See In re OneJet, Inc.*, 613 B.R. 841, 848 (Bankr. W.D. Pa. 2020) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27–28 (2d Cir. 1994) (stating that section 107(b)(1) creates an exception to the general rule permitting open examination of court records by the public and that under this exception, an interested party must only show that the information it wishes to seal is "confidential commercial" in nature); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (same).

12. Once it is established that information sought to be protected can be categorized as confidential commercial information, section 107(b) does not require a party seeking protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28.  Instead, if the Court determines that the information sought to be protected from disclosure falls within one of the categories enumerated in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27 (emphasis in original).  In other words, a party in interest must only demonstrate that the information it wishes to seal is "confidential" and "commercial" in nature. *Id.* at 28.

13. Certain information in the Examiner Reply has been designated as Confidential Information or Highly Confidential Information by the Debtor or DIP Lender.  BMLP committed

4

to protecting such information in accordance with the Protective Order. Accordingly, for the above reasons, BMLP respectfully requests that the Court enter the Proposed Order (i) authorizing BMLP to redact and file under seal the Examiner Reply and (ii) sealing the Examiner Reply until the expiration of the judiciary records retention period at which time the document will be permanently deleted.

14. BMLP has provided unreacted copies of the Examiner Reply to the Court, counsel to the Debtor, counsel to the DIP Lender, and the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), on a confidential basis, and contemporaneously herewith, is filing redacted versions of the Examiner Reply.

## WAIVER OF MEMORANDUM OF LAW

15. BMLP represents that the facts and circumstances set forth herein do not present novel questions of law, and, as such, respectfully requests that this Court waive the requirement of filing a memorandum of law in accordance with Local Rule 9013-1(a)(3).

## NOTICE

16. BMLP will provide notice of the Motion to: (i) counsel for the Debtor, (ii) counsel for the DIP Lender, and (iii) the U.S. Trustee, *via* electronic mail, and any party that has requested notice pursuant to Bankruptcy Rule 2002 *via* the Court's CM/ECF system. BMLP submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, BMLP respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

February 11, 2025
Newark, New Jersey

**GIBBONS P.C.**

*/s/ Brett S. Theisen*
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Christopher P. Anton, Esq.
Kyle P. McEvilly, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Email: rmalone@gibbonslaw.com
      btheisen@gibbonslaw.com
      canton@gibbonslaw.com
      kmcevilly@gibbonslaw.com

*Counsel for BML Properties, Ltd.*