**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:   (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel to the Debtor and Debtor in Possession*

*Co-Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>                              Debtor. | Chapter 11<br><br>Case No. 24-22548 (CMG) |

**NOTICE OF HEARING ON DEBTOR'S MOTION FOR**
**ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH**
**THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

    **PLEASE TAKE NOTICE** that on April 17, 2025 at 11:00 a.m. (prevailing Eastern Time),

or as soon thereafter as counsel may be heard, the above-captioned debtor and debtor in possession

(the "Debtor"), by and through its undersigned counsel, shall move the *Debtor's Motion for Entry*

*of an Order (I) Enlarging the Period Within Which the Debtor May Remove Actions and*

*(II) Granting Related Relief* (the "Motion") before the Honorable Christine M. Gravelle, United

---

[1]    The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

States Bankruptcy Court Judge, in Courtroom 3 of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, for entry of an order (the "Order") substantially in the form submitted herewith, (i) enlarging the period within which the Debtor may remove actions and (ii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested, the Debtor shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (a) be in writing, (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this chapter 11 case may be obtained free of charge by visiting the website of Kurtzman Carson

Consultants, LLC dba Verita Global at https://www.veritaglobal.net/ccaconstruction.  You may

also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov

in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief

requested may be granted without further notice or hearing.

DATED:  March 21, 2025              Respectfully submitted,

By:     */s/Michael D. Sirota*
        **COLE SCHOTZ P.C.**
        Michael D. Sirota
        Warren A. Usatine
        Felice R. Yudkin
        Ryan T. Jareck
        25 Main Street
        Hackensack, NJ, 07601
        (201) 489-3000
        msirota@coleschotz.com
        wusatine@coleschotz.com
        fyudkin@coleschotz.com
        rjareck@coleschotz.com

        -and-

        **DEBEVOISE & PLIMPTON LLP**
        M. Natasha Labovitz (admitted *pro hac vice*)
        Sidney P. Levinson (admitted *pro hac vice*)
        Elie J. Worenklein
        66 Hudson Boulevard
        New York, NY 10001
        Telephone:     (212) 909-6000
        Facsimile:      (212) 909-6836
        nlabovitz@debevoise.com
        slevinson@debevoise.com
        eworenklein@debevoise.com

        *Co-Counsel to the Debtor*
        *and Debtor in Possession*

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:   (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Debtor and Debtor in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel to the Debtor and Debtor in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 24-22548 (CMG) |

<div align="center">

**DEBTOR'S MOTION FOR ENTRY OF AN**
**ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE**
**DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

</div>

TO THE HONORABLE JUDGE CHRISTINE M. GRAVELLE, UNITED STATES

BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtor and debtor in possession (the "Debtor") states as follows in

support of this motion (the "Motion"):

---

[1]   The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

## Relief Requested

1.     The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a)  enlarging the period of time (the "Removal Period") set forth in rules 9027(a)(2) and (3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtor may seek removal of certain actions (collectively, the "Actions") pursuant to section 1452 of title 28 of the United States Code (the "Judicial Code") and Bankruptcy Rule 9027 by 120 days, up to and including July 21, 2025, without prejudice to the Debtor's right to seek additional extensions of the period within which the Debtor may remove actions; and (b) granting related relief.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtor confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are section 1452 of title 11 of the Judicial Code, and Bankruptcy Rules 9006 and 9027.

## Background

5.     The Debtor is headquartered in New Jersey and provides construction management, program management, and general contracting services for public and private clients through its non-debtor operating subsidiaries (the "Non-Debtor Subsidiaries"). In particular, the Debtor

supports its Non-Debtor Subsidiaries by providing them with key shared services to enable them

to deliver large-scale projects in civil, commercial, residential, and public infrastructure sectors.

As set forth in the First Day Declarations, defined below, the Debtor performs construction and

project management services on large scale projects primarily in the New York and New Jersey

metropolitan area.

6.      On December 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

"Bankruptcy Code"). The Debtor is operating its business and managing its property as a debtor

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No statutory

committee has been appointed or designated.

7.      On March 5, 2025, the Court entered an order directing the United States Trustee

to appoint an examiner pursuant to section 1104(c) of the Bankruptcy Code. *See Order Granting*

*the Appointment of an Examiner* [Docket No. 211]. Pursuant to that order, the Office of the United

States is directed to appoint an examiner upon the earlier of (i) if the Supreme Court of the State

of New York, Appellate Division – First Department, affirms the decision of the Supreme Court

of the State of New York, New York County in *BML Props. Ltd. v China Constr. Am., Inc*., Index

No. 657550/2017 (Sup Ct, NY County, Commercial Division) (the "New York Action") and/or

upholds the judgment entered in the New York Action against the Debtor and in favor of BML

Properties Ltd. ("BMLP"), twenty-one (21) days after such ruling affirming the decision in the

New York Action and/or upholding the judgment entered in the New York Action against the

Debtor and in favor of BMLP, or (ii) June 1, 2025 (which date may be extended with the consent

of BMLP and the U.S. Trustee).

8.     Additional information regarding the Debtor, the events leading up to the Petition Date, and the facts and circumstances supporting the relief requested in this motion is set forth in the *Declaration of Yan Wei, Chairman and Chief Executive Officer of the Debtor, in Support of Chapter 11 Petition* [Docket No. 11] and the *Declaration of Evan Blum in Support of First Day Pleadings and Debtor in Possession Financing* [Docket No. 12] (collectively, the "4st Day Declarations").

## The Actions

9.     The Debtor is involved in certain Actions commenced prepetition in various forums.  On January 27, 2025, the Debtor filed its Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket No. 99] (the "Schedules and Statements"), in which the Debtor identified the Actions known as of the Petition Date.  The Debtor will provide notice of this Motion to each of the litigation counterparties to the Actions and will file an affidavit of service reflecting such service.  Further, the Debtor may become aware of additional Actions before the close of this chapter 11 case.  If that occurs, the Debtor will provide prompt and proper notice to the applicable litigation parties.

## The Debtor's Post-Petition Restructuring Efforts

10.     Since the Petition Date, the Debtor and its professionals have worked diligently on numerous time-sensitive matters critical to their restructuring efforts.  Specifically, the Debtor and its professionals have focused their attention on, among other things, the following:

- stabilizing the Debtor's business operations to maximize the value of the Debtor's estate;

- obtaining relief that has enabled the Debtor to continue operating its business in this chapter 11 case, including obtaining approval of the "first day" motions and a number of "second day" motions;

- engaging with CSCEC Holding Company, Inc. to obtain debtor-in-possession financing that is critical to ensuring uninterrupted business operations and sufficient

funding for this chapter 11 case, as well as chart a course for successful operations following emergence from this chapter 11 case;

- obtaining relief from the automatic stay to allow the Debtor to pursue an appeal of the New York Action before the Supreme Court of the State of New York, Appellate Division – First Department, including fully briefing the appeal and having oral argument on March 18, 2025;

- addressing numerous questions, concerns, and issues raised by employees, vendors, and other parties in interest;

- coordinating with the U.S. Trustee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- preparing and filing the Schedules and Statements;

- having regular discussions with, and responding to diligence requests from other stakeholders;

- addressing extensive discovery and deposition requests from BMLP related to pending motions and the Debtor's bankruptcy filing;

- preparing for and attending various hearings, including a contested evidentiary hearing on the Debtor's motion to obtain postpetition financing and BMLP's motion to appoint an examiner; and

- preparing and filing a number of retention applications for the Debtor's professionals.

11.     Simply put, the Debtor's time and resources have been productively spent toward progressing this chapter 11 case quickly and efficiently and engaging with various stakeholders so the Debtor can file and confirm a chapter 11 plan expeditiously. As a result of the Debtor's attention to the above-listed matters, the Debtor is not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether it should remove any of the Actions.

## **Basis for Relief Requested**

12.     Section 1452 of title 28 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.   Specifically, section 1452(a) provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims

or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  With respect to postpetition actions, Bankruptcy Rule 9027(a)(3)

provides, in pertinent part: that a notice of removal may be:

[A] notice of removal may be filed . . . only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

14.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions

provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in

pertinent part:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . .with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

15.     It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that " [u]nder the . . . Rules of Bankruptcy Procedure, it is clear that the court may grant [an extension of the time limit for removal]") (citing Fed. R. Bankr. P. 9006(b)), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) ("Considered *in pari materia* with Rule 9027, Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that "the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing period of Bankruptcy Rule 9027(a)(3) beyond the thirty day period, pursuant to Bankruptcy Rule 9006(b)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.") (citing Fed. R. Bankr. P. 9006(b)).

16.     The Debtor is seeking to extend the Bankruptcy Rule 9027(a) deadline—which in isolation would expire on March 24, 2025[2]—to ensure the Debtor's right to remove Actions is preserved and that creditors are on notice of such extended removal deadline.

17.     The Debtor's decision regarding whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the expeditious resolution of this chapter 11 case; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and

---

[2]     Pursuant to Bankruptcy Rule 9006(a), because the deadline occurs on a weekend, it is automatically extended to the following business day, which is March 24, 2025.

matters to be considered in connection with the reorganization process, any chapter 11 plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Debtor must analyze each Action in light of such factors.

18.     As described above, since the commencement of this chapter 11 case, the Debtor has been focused on addressing time-critical matters including, among other things, stabilizing its business operations, negotiating with and responding to BMLP's various objections and discovery requests, pursuing the appeal of the New York Action, preparing the Schedules and Statements, and obtaining approval of debtor-in-possession financing.  The Debtor believes that the extension requested herein will provide the Debtor with the ability to make fully informed decisions concerning the removal of any Actions and will ensure that the Debtor's rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  If such an extension is not granted, the Debtor may only become aware of additional Actions after the Removal Period expires.

19.     Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtor's requested extension of the Removal Period.  Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtor, most of the Actions will not proceed in their respective courts during this chapter 11 case, even absent the relief requested herein.  Further, if the Debtor ultimately seeks to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).  Accordingly, the Debtor submits that cause exists for the relief requested herein.

20.     Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases.  *See, e.g.*, *In re Invitae Corporation,* No. 24-11362 (MBK) (Bankr. D.N.J.

May 17, 2024) (granting 120-day initial extension without prejudice to debtors' right to seek further extensions); *In re Careismatic Brands, LLC,* No. 24-10561 (VFP) (Bankr. D.N.J. May 8, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. January 30, 2024) (same); *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. January 3, 2024) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. Aug. 16, 2023) (same); *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. July 18, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. June 14, 2023) (granting 180-day initial extension without prejudice to debtors' right to seek further extensions). The 120-day extension requested herein is consistent with the extensions granted by the Court and other courts in this district under similar circumstances. Accordingly, the Debtor's requested extension is reasonable.

### Waiver of Memorandum of Law

21.      The Debtor requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and this Motion does not raise any novel issues of law.

### A Bridge Order is Not Required

22.      To the extent the Court does not rule on this Motion prior to the expiration of the pending deadline to remove Actions, the time period shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. *See Chapter 11 Complex Case Management Order* [Docket No. 74] (the "Case Management Order"), citing the Court's *General Order Governing Chapter 11 Complex Case Procedures,* Section XIII.

### Reservation of Rights

23.      Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended

or should be construed as (a) an implication or admission as to the amount of, basis for, or validity

of any particular claim against the Debtor under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute

any particular claim on any grounds; (c) a promise or requirement to pay any particular claim;

(d) an implication, admission, or finding that any particular claim is an administrative expense

claim, other priority claim or otherwise of a type specified or defined in this Motion or any order

granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or

reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code;

(f) an admission by the Debtor as to the validity, priority, enforceability, or perfection of any lien

on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or

limitation of the Debtor, or any other party in interest's, claims, causes of action, or other rights

under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or

rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy

Code; (i) a concession by the Debtor that any liens (contractual, common law, statutory, or

otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the

rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection

or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a

proof of claim; or (k) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy

Code to assume or reject any executory contract or unexpired lease.

### **No Prior Request**

24.     No prior request for the relief sought in this Motion has been made to this Court or

any other court.

### **Notice**

25.     The Debtor will provide notice of this Motion to the following parties or their

respective counsel: (a) the Office of the U.S. Trustee for the District of New Jersey, Attn: Fran B. Steele, Esq. and Peter J. D'Auria, Esq.; (b) the holders of the twenty (20) largest unsecured claims against the Debtor; (c) counsel for CSCEC Holding Company, Inc., Lowenstein Sandler LLP, Attn: Jeffrey Cohen and Andrew Behlmann; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtor requests that the Court enter the order substantially in the form attached here as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper under the circumstances.

DATED:  March 21, 2025                    Respectfully submitted,

By:      _/s/Michael D. Sirota_____
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
25 Main Street
Hackensack, NJ, 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Sidney P. Levinson (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:      (212) 909-6000
Facsimile:      (212) 909-6836
nlabovitz@debevoise.com
slevinson@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>Felice R. Yudkin<br>Ryan T. Jareck<br>25 Main Street<br>Hackensack, NJ, 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>rjareck@coleschotz.com<br><br>-and-<br><br>**DEBEVOISE & PLIMPTON LLP**<br>M. Natasha Labovitz (admitted *pro hac vice*)<br>Sidney P. Levinson (admitted *pro hac vice*)<br>Elie J. Worenklein<br>66 Hudson Boulevard<br>New York, NY 10001<br>Telephone:        (212) 909-6000<br>Facsimile:        (212) 909-6836<br>nlabovitz@debevoise.com<br>slevinson@debevoise.com<br>eworenklein@debevoise.com<br><br>*Co-Counsel to the Debtor and Debtor in Possession* | |
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>                              Debtor. | Chapter 11<br><br>Case No. 24-22548 (CMG) |

### ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE
### DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through five (5), is

**ORDERED.**

---

[1]    The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

(Page | 2)

| | |
|---|---|
| Debtor: | CCA CONSTRUCTION, INC. |
| Case No. | 24-22548 (CMG) |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

Upon the *Debtor's Motion for Entry of an Order (I) Enlarging The Period Within Which the Debtor May Remove Actions and (II) Granting Related Relief* (the "Motion"), [2] of the above-captioned debtor and debtor in possession (the "Debtor"), [3] for entry of an order (this "Order") (a) enlarging the Removal Period for filing notices of removal of the Actions by 120 days, up to and including July 21, 2025, without prejudice to the Debtor's right to seek further extensions, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3]   The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

(Page | 3)

| | |
|---|---|
| Debtor: | CCA CONSTRUCTION, INC. |
| Case No. | 24-22548 (CMG) |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a basis as set forth herein.

2.      The period within which the Debtor may file a notice of removal with respect to any proceeding related to this chapter 11 case pursuant to Bankruptcy Rules 9027(a)(2) and (3) is extended through and including July 21, 2025.

3.      The extension granted by this Order is without prejudice to the Debtor's right to seek further extensions of time to file notices of removal with respect to proceedings related to this chapter 11 case.

4.      This Order shall be without prejudice to any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtor as to the validity, priority, enforceability,

(Page | 4)

| | |
|---|---|
| Debtor: | CCA CONSTRUCTION, INC. |
| Case No. | 24-22548 (CMG) |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

6.      Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action, or proceeding pursuant to section 362 of the Bankruptcy Code, or any order entered by this Court pursuant to section 105 of the Bankruptcy Code.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 5)

| | |
|---|---|
| Debtor: | CCA CONSTRUCTION, INC. |
| Case No. | 24-22548 (CMG) |
| Caption of Order: | ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

10.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon entry hereof.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.