| | |
|---|---|
| **DEBEVOISE & PLIMPTON LLP** | **COLE SCHOTZ P.C.** |
| M. Natasha Labovitz (admitted *pro hac vice*) | Michael D. Sirota |
| Erica S. Weisgerber (admitted *pro hac vice*) | Warren A. Usatine |
| Elie J. Worenklein | Ryan T. Jareck |
| Rory B. Heller (admitted *pro hac vice*) | Felice R. Yudkin |
| 66 Hudson Boulevard | Court Plaza North, 25 Main Street |
| New York, NY 10001 | Hackensack, NJ 07601 |
| Telephone: (212) 909-6000 | Telephone: (201) 489-3000 |
| Facsimile: (212) 909-6836 | Facsimile: (201) 489-1536 |
| nlabovitz@debevoise.com | msirota@coleschotz.com |
| slevinson@debevoise.com | wusatine@coleschotz.com |
| eworenklein@debevoise.com | rjareck@coleschotz.com |
| rbheller@debevoise.com | fyudkin@coleschotz.com |
| | |
| *Co-Counsel to the Debtor and Debtor in Possession* | *Co-Counsel to the Debtor and Debtor in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CCA Construction, Inc.,[1] | Case No. 24-22548 (CMG) |
| Debtor. | |

**LIMITED RESPONSE TO LIMITED OBJECTION OF**
**BML PROPERTIES, LTD. TO APPLICATION TO RETAIN**
**DUANE MORRIS LLP AS COUNSEL TO SPECIAL COMMITTEE**

The above-captioned debtor and debtor in possession, CCA Construction, Inc. ("**CCA**" or the "**Debtor**"), respectfully submits the following limited response (the "**Limited Response**") to the *Limited Objection of BML Properties, Ltd. to Application to Retain Duane Morris LLP as Counsel to Special Committee* (the "**Limited Objection**"), filed on April 24, 2025 by BML Properties, Ltd. ("**BMLP**") [Docket No. 273].

---

[1] The last four digits of the Debtor's federal tax identification number are 4862. The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

1.      CCA submits this Limited Response to the Limited Objection to the *Application for Retention of Professional Effective April 9, 2025* (the "**Application**"), filed on April 17, 2025 [Docket No. 255]. CCA supports the retention of Duane Morris LLP ("**Duane Morris**") by the Special Committee and understands that Duane Morris will submit a reply responding to the substance of the Limited Objection in due course.

2.      In the meantime, CCA is compelled to file the Limited Response to correct the record regarding certain misleading and unsubstantiated representations – completely unrelated to the retention of Daune Morris – made by BMLP in the Limited Objection.

3.      On April 17, 2025, BMLP provided CCA with a copy of the document production BMLP previously received from American Express in response to BMLP's subpoena to American Express pursuant to Fed. R. Bankr. P. 2004.[2] The production contains records relating to personal charges made using a credit card belonging to a former CCA executive, including statements of charges to the credit card and records of monthly card payments made by that individual from a personal bank account—not from any of CCA's corporate bank accounts.

4.      In the Limited Objection, BMLP incorrectly suggested that this executive "potentially" used corporate funds to make payments on the credit card account to cover personal purchases. Limited Objection ¶ 6.[3] The suggestion that the executive used corporate funds to make personal purchases is categorically false. If BMLP had taken the time to compare the account number in the credit card statement with the bank account numbers listed in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Continue to Use its Bank*

---

[2]   *See* Docket No. 100.

[3]   BMLP repeated the same misleading and unsubstantiated accusation in the *Objection of BML Properties, Ltd. to Debtor's Motion for Entry of an Order Granting Relief from the Automatic Stay to Seek Further Appellate Review* [Docket No. 285, ¶37] ("**Stay Relief Objection**").

*Accounts and Maintain Existing Business Forms, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 5], BMLP would have readily ascertained that none of those bank accounts were used to make the payments at issue.

5. Further, if BMLP had reached out to counsel for CCA prior to filing the Limited Objection and simply asked about the "potential" personal use of the credit card – rather than making an unsubstantiated suggestion of misconduct in a public filing – counsel for CCA immediately would have confirmed to BMLP that the credit card was used for personal charges and the account from which the credit-card payments were made was the executive's personal bank account—not a CCA account.

6. This is not the first time BMLP has indecently rushed to misconstrue facts for the sake of furthering BMLP's agenda both in this Court and in the media.[4] It is an abuse of this chapter 11 case for BMLP to attempt to use its pleadings to engage in ad hominem personal attacks designed to generate inaccurate press coverage.[5] In the future, BMLP's counsel should discourage BMLP from including baseless and damaging speculation in its pleadings, and should instead contact CCA's counsel with questions that can be quickly responded to in order to prevent unfair and unnecessary reputational harm.[6]

---

[4] *See, e.g.*, Second Day Hearing Transcript at 139: 6-19; 140: 1-141: 1.

[5] Similarly, BMLP has repeatedly made misleading inferences that CCA disclosed its receivables from its affiliates as "country club memberships" in CCA's Schedules of Assets and Liabilities, *see* Limited Objection ¶ 7 and Stay Relief Objection ¶ 38, despite Question A/B 77 specifically referring to "other property of any kind not already listed" - a category that is appropriate for intercompany obligations. BMLP knows that the obligations referenced under this category relate to ordinary-course operating receivables because BMLP asked questions about them and received responses during the section 341 meeting of creditors in February 2025.

[6] CCA previously addressed similar conduct by BMLP in its *Reply to Limited Objection and Reservation of Rights of BML Properties, Ltd. to Debtor's Motion for Entry of an Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business* [Docket No.157], in which BMLP objected to CCA's ordinary course professionals motion based upon purported questions related to one professional that BMLP had never bothered to ask CCA's counsel prior to filing its objection. *See id.* ¶ 1 ("Since

Dated: May 5, 2025

        */s/ Michael D. Sirota*
        **COLE SCHOTZ P.C.**
        Michael D. Sirota
        Warren A. Usatine
        Felice R. Yudkin
        Ryan T. Jareck
        Court Plaza North, 25 Main Street
        Hackensack, NJ 07601
        Telephone: (201) 489-3000
        Facsimile: (201) 489-1536
        msirota@coleschotz.com
        wusatine@coleschotz.com
        fyudkin@coleschotz.com
        rjareck@coleschotz.com

        -and-

        **DEBEVOISE & PLIMPTON LLP**
        M. Natasha Labovitz
        Erica S. Weisgerber
        Elie J. Worenklein
        Rory Heller
        66 Hudson Boulevard
        New York, NY 10001
        Telephone: (212) 909-6000
        Facsimile: (212) 909-6836
        nlabovitz@debevoise.com
        slevinson@debevoise.com
        eworenklein@debevoise.com
        rbheller@debevoise.com

        *Co-Counsel for the Debtor and Debtor in Possession*

---

the Motion was filed, BMLP has found time to serve 37 document requests, six deposition notices, Rule 2004 requests on 76 parties, demand and review more than 18,000 pages of documents, seek three "emergency" telephonic conferences with this Court and send dozens of emails to Debevoise attorneys demanding the production of additional documents, but apparently could not pick up the phone or send an email to Debevoise or Cole Schotz to ask for an answer to its questions about the retention of CBIZ Marks Paneth, LLC.").