**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:   (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the Debtor and Debtor-in-Possession*

**DUANE MORRIS LLP**
Morris S. Bauer
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932-1007
Telephone: (973) 424-2037
Facsimile: (973) 556-1380
MSBauer@duanemorris.com

*Counsel to the Special Committee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-22548 (CMG) |

**REPLY TO BML PROPERTIES, LTD.'S OBJECTION
TO APPLICATION IN LIEU OF MOTION IN SUPPORT OF
ENTRY OF STIPULATION AND CONSENT ORDER REGARDING
<u>BUDGET FOR THE AUTHORIZED INVESTIGATION OF THE EXAMINER</u>**

The committee (the "**Special Committee**") of independent directors of the board of CCA Construction, Inc. (the "**Debtor**" or "**CCA**") and the Debtor, by and through their undersigned counsel, respectfully states the following in support of this reply (the "**Reply**") to the *Objection to the Application in Lieu of Motion in Support of Entry of Stipulation and Consent Order Regarding*

---

[1] The last four digits of the Debtor's federal tax identification number are 4862.  The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

*Budget for the Authorized Investigation of the Examiner* (the "**Objection**") filed on July 9, 2025 by BML Properties, Ltd. ("**BMLP**") [Docket No. 401].

1. The Special Committee filed the *Application in Lieu of Motion in Support of Entry of Stipulation and Consent Order Regarding Budget for the Authorized Investigation of the Examiner* [Docket No. 395] (the "**Application**") after engaging in good faith, arm's-length negotiation to address the Examiner's concerns regarding the Budget[2] needed to complete his court-mandated Authorized Investigation. The agreement memorialized in the proposed stipulation and consent order attached to the Application (the "**Stipulation**") allowed the case to continue to progress forward with both the Special Committee and the Examiner focusing on completing their respective investigations in accordance with the deadlines set forth in the Scope and Budget Order, rather than engaging in a costly and distracting contested motion over the Examiner's request for a Budget increase.

2. BMLP agrees the budget should be increased, but, similar to its many past objections in this chapter 11 case, uses the limited relief being sought in the Stipulation as an opportunity to raise baseless allegations directed at undermining CCA and the Special Committee. BMLP falsely characterizes the Stipulation as a "quid pro quo" in return for the Examiner "giving up its independence." Objection at ¶ 1. That could not be further from reality.

3. Throughout this case, the Debtor has referenced that BMLP intentionally misconstrues facts in an effort to unfairly disparage CCA and the Special Committee, and that BMLP provides no evidence to support its accusations, including that the Special Committee

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Order Approving Examiner's Scope and Budget for Investigation* entered by the Court on June 2, 2025 [Docket No. 351] (the "**Scope and Budget Order**").

lacked independence,[3] that CCA intended to "thwart the examiner,"[4] and that the Special Committee will conduct a "sham" and "white wash" investigation.[5]  This most recent Objection does not identify *any* evidence to support its allegations of bad faith.

4.  The Stipulation does not in any way contradict or undermine the Scope and Budget Order.  The Scope and Budget Order outlines the Court's ruling on the Budget, scope and duration for the Authorized Investigation, and provides that "nothing herein shall preclude (i) **the Special Committee and the Examiner from agreeing on additional funding for the Budget** or (ii) the Examiner from seeking Court approval for an increase in the Budget, subject to the Special Committee's and the Debtor's right to oppose such relief."  Scope and Budget Order at ¶ 5 (emphasis added).  BMLP ignores this paragraph in its Objection, claiming instead that "[w]hile the Court limited the Examiner's scope and budget, it certainly never intended to compromise the Examiner's independence or signaled that it was within the purview of the Debtor, rather than the Court, to decide whether to extend more funds" towards the Authorized Investigation.  *See* Objection at ¶ 5.  The Court did not just "signal" that the Special Committee could consensually agree with the Examiner to expand the Budget, the Scope and Budget Order expressly authorized such an agreement.

5.  Unlike the language about a consensual modification to the Budget, the Scope and Budget Order does not contemplate any right of the parties to expand or reduce the *scope* of the Authorized Investigation: any change of the scope is reserved to the Court.  Accordingly, the

---

[3] *See* Reply of BML Properties, Ltd. in Support of Motion for Entry of an Order Appointing an Examiner [Docket No. 152] ¶ 7; Feb. 13, 2025, Hr'g. Tr. at 213:01-7

[4] *See* May 5, 2025 Hr'g Tr. at 17:16–18; 20:8–9, 12–13.

[5] *See* May 22, 2025 Hr'g Tr. at 41: 11-13; 45:10-11.

3

Stipulation makes clear that it does not modify, amend, limit, or have any impact on the scope of the Authorized Investigation.

6.     BMLP complains that "if the Examiner believes there are omissions or mistakes in the Special Committee Investigation, the Stipulation would preclude him from recommending, or even indicating a willingness to accept instructions to undertake, further investigation." Objection at ¶ 7.  That is incorrect.  Nothing in the Stipulation precludes the Examiner from conducting the Authorized Investigation, including providing any recommendations and feedback to the Special Committee as contemplated by the Scope and Budget Order.  The Authorized Investigation never contemplated the Examiner making recommendations "to undertake further investigations."  It is the role of the Court to instruct the Examiner about any future work, not for the Examiner to instruct the court.[6]  *See In re New Century TRS Holdings, Inc*., 407 B.R. 558, 566 (Bankr. D. Del. 2009) ("The Examiner performs his duties at the request of the Court, for the benefit of the debtor, its creditors and shareholders, and not to 'fuel the litigation fires of third part litigants.'").  If the Court orders the Examiner to conduct a further investigation, the Stipulation in no way precludes the Examiner from carrying that out.

7.     Paragraph 1 of the Scope and Budget Order makes clear that the Court limited the Examiner's role to providing "(a) recommendations to the Special Committee and its advisors regarding: (i) the process, (ii) methodology, and (iii) breadth of the Special Committee Investigation, and/or (b) input or feedback to the Special Committee and its advisors regarding (i) potential topics of the Special Committee Investigation and (ii) potential claims to consider." Scope and Budget Order at ¶ 1. Because the Court unambiguously delineated the Examiner's role,

---

[6] For the same reason, the Court declined to hear the Examiner during the May 22, 2025, hearing regarding what is the proper mandate and authority for the Examiner. *See* May 22, 2025 Hr'g Tr. at 47:6–8. The Examiner is an officer of the Court and takes instructions from the Court.

4

which is directly connected to the now-completed Special Committee Investigation, BMLP's argument that an increased Budget could somehow "preclude an independent and objective review of the Special Committee Investigation" defies logic. *See* Objection at ¶ 10. Any conclusions or recommendations of the Examiner will be based on his review of the Special Committee Investigation (including the process conducted by the Special Committee that the Examiner has been thoroughly observing) and are wholly unrelated to the increased Budget.

8. Importantly, the Examiner's role as the Court-appointed officer to provide feedback on the Special Committee Investigation was well-advanced by the time the Application was filed. The Examiner, not BMLP, is in the best position to know what Budget is required to fulfill his duties to the Court based on what he has seen firsthand, and whether he believes $500,000 will be adequate and appropriate based on all possible outcomes of his investigation.[7] While the Special Committee defers to the Examiner to address his reasoning in agreeing to the Stipulation, the Special Committee notes that the Examiner has been appropriately involved in all aspects of the Special Committee Investigation in accordance with the Scope and Budget Order. Since his appointment on May 7, 2025, the Examiner has attended to his responsibilities by, among other things, participating in seven interviews (with each interview lasting several hours), receiving key documents relevant to the Special Committee Investigation, engaging in numerous discussions with the Special Committee's and Debtor's counsel, and, most recently, receiving a substantially final draft of the Special Committee Report (as defined below) with an opportunity to review and provide comments. The Examiner was best positioned to know whether the increased Budget and Stipulation will enable him to fully comply with his duties in light of the possible contingencies

---

[7] Accordingly, BMLP is not in a position to assert that "the proposed increased budget will still not allow a fulsome and proper examination and serves merely as damage control." Objection at n.7.

that may arise before the completion of the Examiner Report. There is no basis for BMLP to disparage and impugn the Examiner's independence, intention and ability to comply in good faith with his duties under the Scope and Budget Order.

9. BMLP also argues that the Stipulation will "hamstring" the Examiner "in his ability to do what justice requires." *See* Objection at ¶ 7. This argument is particularly inapt, as the Stipulation is providing the Examiner with five times the Budget originally ordered by the Court, and therefore *additional* resources to conduct the Authorized Investigation. Based on all of BMLP's prior rhetoric regarding the importance of the investigation into potential causes of action held by the Debtor, a consensual five-fold increase of the Budget should be welcomed and not criticized.

10. As the Court is aware, the Special Committee filed its report on July 31, 2025 [Docket No. 421, Ex. A] (the "**Special Committee Report**"). The Special Committee Report is a result of a months-long investigation and provides a detailed and thorough analysis of the potential causes of action held by the Debtor's estate. Among other things, the Special Committee conducted twelve interviews, reviewed over 50,000 documents, held regular calls with the Debtor's current and former directors, officers and employees, and analyzed potential claims and causes of action belonging to the Debtor's estate. During this process, the Special Committee sought input from both BMLP and the Examiner about claims that should be investigated, and the detailed report thoughtfully weighs the merits and practicality of pursuing an array of potential claims. In short, the Special Committee Report speaks for itself regarding its exhaustiveness and completeness. At this stage, BMLP's time would be better spent working in good faith with the Special Committee and other constituents to reach a resolution of this case, rather than trying to thwart the process at every turn.

WHEREFORE, the Special Committee reiterates its request in the Application to approve the Stipulation, which is the result of good faith negotiations between the Special Committee and the Examiner and is in the best interests of the Debtor and its estate.

Dated:   August 1, 2025

                                                   */s/ Michael D. Sirota*
                                                   **COLE SCHOTZ P.C.**
                                                   Michael D. Sirota
                                                   Warren A. Usatine
                                                   Felice R. Yudkin
                                                   Ryan T. Jareck
                                                   Court Plaza North, 25 Main Street
                                                   Hackensack, NJ 07601
                                                   Telephone:  (201) 489-3000
                                                   Facsimile:   (201) 489-1536
                                                   msirota@coleschotz.com
                                                   wusatine@coleschotz.com
                                                   fyudkin@coleschotz.com
                                                   rjareck@coleschotz.com

                                                   *Co-Counsel to the Debtor and Debtor-in-Possession*

                                                   -and-

                                                   **DUANE MORRIS LLP**
                                                   Morris S. Bauer
                                                   200 Campus Drive, Suite 300
                                                   Florham Park, New Jersey 07932-1007
                                                   Telephone: (973) 424-2037
                                                   Facsimile: (973) 556-1380
                                                   MSBauer@duanemorris.com

                                                   *Counsel for the Special Committee*