**MCDERMOTT WILL & EMERY LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
Deanna D. Boll (NJ Bar No. 031861998)
Nathaniel Allard (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
dazman@mwe.com
kgoing@mwe.com
dboll@mwe.com
nallard@mwe.com

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | (Hon. Christine M. Gravelle) |
| CCA Construction, Inc., | Chapter 11 |
| Debtor. | Case No. 24-22548 (CMG) |

**EXAMINER'S LIMITED RESPONSE TO BML PROPERTIES, LTD.'S OBJECTION TO APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY OF STIPULATION AND CONSENT ORDER REGARDING BUDGET FOR THE <u>AUTHORIZED INVESTIGATION OF THE EXAMINER</u>**

Todd Harrison, as Court-appointed Examiner (the "Examiner") in the above-captioned Bankruptcy of CCA Construction, Inc. (the "Debtor") respectfully submits this limited response with respect to *BML Properties, Ltd.'s Objection to Application in Lieu of Motion in Support of Entry of Stipulation and Consent Order Regarding Budget for the Authorized Investigation of the Examiner* [Docket No. 401] (the "BMLP Objection").[1]

1. The BMLP Objection alleges that the agreement between the Special Committee and the Examiner to increase the Examiner's budget – despite being expressly contemplated by the existing Scope & Budget Order and warranted under the circumstances – was an inappropriate *quid pro quo* that compromises the Examiner's independence and places limitations on the contents of the Examiner Report.

2. Any such allegation is misguided and incorrect. The Special Committee and the Examiner agreed to the budget increase in mutual recognition that the initial $100,000 budget was not sufficient. As such, the Stipulation serves to *further* an impartial and independent Examiner process, rather than hinder it.

3. As an initial matter – the budget increase was expressly contemplated by the existing Scope & Budget Order [Docket No. 351], which provides at Paragraph 5 that the Special Committee and Examiner can agree to increased funding without further Court order (or the approval of any other party):

> The fees and expenses of the Examiner and all professionals retained by the Examiner in connection with the Authorized Investigation shall not exceed $100,000 in the aggregate (the "Budget"); **provided, however, nothing herein shall preclude (i) the Special Committee and the Examiner from agreeing on additional funding for the Budget** [emphasis added] or (ii) the Examiner from seeking Court approval for an increase in the Budget, subject to the Special Committee's and the Debtor's right to oppose such relief.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in BMLP's Objection.

2

4. Although this existing order already allows the Special Committee and Examiner to agree on increased funding without the approval of any other party, the parties filed the Stipulation in the interest of full transparency.

5. Second, the parties agreed to the budget increase in mutual recognition of the insufficiency of the initial budget, particularly given the extended timeline of the investigation. As but one example, when the budget was initially set at $100,000 at the May 22, 2025 hearing, it was contemplated that the Special Committee would file its report within 30 days from such hearing.[2] The Scope and Budget Order that was ultimately entered expanded that period to 45 days from entry of the order,[3] which was then further extended an additional two weeks at the request of the Special Committee, with the Special Committee Report Outside Date now being July 31, 2025.[4]

6. As such, the investigation period between the May 22, 2025 hearing and the filing of the Special Committee's report more than doubled from what was originally contemplated (and which does not take into account the additional time and work needed for the Examiner to prepare his own report, which is currently due 45 days following the Special Committee Report Outside Date).[5]

---

[2] *See* May 22, 2025 Hr. Tr. At 58:5-7 (Court noting "I would like . . . the Special Committee to submit their report in 30 days").

[3] *See* Scope & Budget Order [Docket No. 351] at ¶ 2 ("The Special Committee shall conclude the Special Committee Investigation on or before forty-five (45) days from entry of this Order"). Further, as the Scope & Budget Order was entered on June 2, 2025 – 11 days following the May 22, 2025 hearing – such additional 11 days were added to the schedule as well.

[4] The Special Committee filed its report on July 31, 2025.

[5] 45 days following the Special Committee Report Outside Date of July 31, 2025 is September 14, 2025. Since September 14, 2025 is a Sunday, the Examiner's Report is due the following day (Monday, September 15, 2025) pursuant to Bankruptcy Rule 9006.

3

7. Third, BMLP's concerns about constraints on the Examiner Report are misguided. The existing Scope & Budget Order provides at Paragraph 1: "the Examiner's Authorized Investigation shall be limited to an examination of the scope and process of the ongoing investigation . . . currently being undertaken by the [Special Committee]". Accordingly, it is already contemplated that the Examiner's role, albeit limited, is to analyze the Special Committee's "scope and process". This existing scope for the Examiner, by implication, would necessarily include, if appropriate, suggesting areas that should have been examined further. In other words, any critiques of the Special Committee's investigation are already within the current scope of the Examiner, and thus not an "expanded" scope that BMLP is concerned that the Examiner would not be able to suggest under its reading of the Stipulation.

8. Further, given the limited nature of the Examiner's role in this matter (as ordered by the Court), and the advanced stage of the investigation at which this stipulation was submitted, the Examiner was comfortable agreeing not to seek a further increase in his budget. Finally, the Court will recall that BMLP itself previously argued for a much larger budget for the Examiner.

9. In any event, the Examiner does not interpret the Stipulation in any way to limit the contents of the Examiner Report (nor does he expect the Debtor or Special Committee would suggest that it could).

10. In conclusion, the Examiner believes that the Stipulation does not in any way alter his ability to be fair, impartial and independent, and is consistent with the Court's ruling and the Scope & Budget Order.

Dated: August 1, 2025
    New York, New York

**MCDERMOTT WILL & EMERY LLP**

*/s/ Deanna D. Boll*
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
Deanna D. Boll (N.J. Bar No. 031861998)
Nathaniel Allard (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212-547-5400
Facsimile: 212-547-5444
Email: dazman@mwe.com
      kgoing@mwe.com
      dboll@mwe.com
      nallard@mwe.com

*Counsel to the Examiner*