| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**DEBEVOISE & PLIMPTON LLP**<br>M. Natasha Labovitz (admitted *pro hac vice*)<br>Erica S. Weisgerber (admitted *pro hac vice*)<br>Elie J. Worenklein<br>66 Hudson Boulevard<br>New York, NY 10001<br>Telephone: (212) 909-6000<br>Facsimile: (212) 909-6836<br>nlabovitz@debevoise.com<br>eweisgerber@debevoise.com<br>eworenklein@debevoise.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>Felice R. Yudkin<br>Ryan T. Jareck<br>Court Plaza North, 25 Main Street<br>Hackensack, NJ 07601<br>Telephone: (201) 489-3000<br>Facsimile: (201) 489-1536<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>rjareck@coleschotz.com<br><br>*Co-Counsel to the Debtor and Debtor in Possession* | Order Filed on November 13, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>　　　Debtor. | Case No. 24-22548 (CMG)<br><br>Chapter 11<br><br>Judge: Christine M. Gravelle |

**MEDIATION ORDER**

---

[1] The last four digits of CCA's federal tax identification number are 4862. CCA's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

**DATED: November 13, 2025**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

(Page | 2)
Debtor:             CCA Construction, Inc.
Case No.:           24-22548 (CMG)
Caption of Order:   Mediation Order

The relief set forth on the following pages three (3) and four (4) is **ORDERED**.

| (Page | 3) | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Mediation Order |

It having been determined that mediation may produce a mutually agreeable resolution of all or some of the issues between CCA Construction, Inc. ("**CCA**" or the "**Debtor**") (including the Debtor's Special Committee of Independent Directors), CSCEC Holding Company, Inc., and BML Properties, Ltd. (collectively, the "**Parties**"), and the Parties having agreed on the selection of co-mediators, and upon the record of the hearing held by the Court on October 9, 2025:

it is ORDERED, that

the Parties shall make a good faith attempt to settle all or some of the issues between the Parties through mediation and will attend, personally or through a representative with authority to negotiate and settle the disputes, all sessions scheduled by the co-mediators. Non-Debtor affiliates CCA Bahamas, Ltd. and CSCEC (Bahamas), Ltd. shall be participants in the mediation.

Evan R. Chesler is appointed to serve as co-mediator in this matter. This mediator's address is Cravath Swaine & Moore, LLP, Two Manhattan West, 375 Ninth Avenue, New York, NY 10001. Hon. Vincent F. Papalia is appointed to serve as co-mediator in this matter. This mediator's address is U.S. Bankruptcy Court for the District of New Jersey, Courtroom 3B, 50 Walnut Street, Newark, NJ 07102.

It is further ORDERED, that

D.N.J. LBR 9019-1 and 9019-2, as well as the following terms and guidelines will govern the mediation process among the Parties:

    1.    The Debtor must immediately serve the designated co-mediators with a copy of the *Mediation Order*.

    2.    Promptly after receiving the *Mediation Order*, the co-mediators must determine whether there is a basis for disqualification or whether either co-mediator is unable to serve for

| | |
|---|---|
| (Page \| 4) | |
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order: | Mediation Order |

any other reason.  If either co-mediator is or becomes unable to serve for any reason, the Parties shall immediately meet and confer in good faith to select a substitute co-mediator.

    3.    The scheduling and location of all mediation sessions will be determined by the co-mediators and must commence not later than sixty (60) days after entry of this Order, unless extended by order of the Court; *provided, however*, that an in-person mediation session is scheduled to be held on November 20, 2025.

    4.    Neither the Parties, the co-mediators, nor any other participant in the mediation may disclose to an entity or person who was not a participant in the mediation any oral or written communication concerning the mediation, including any document, report or other writing presented or used solely in connection with the mediation.

    5.    The Parties will retain and compensate Mr. Chesler in accordance with the prepetition mediation agreement, dated as of May 7, 2024.  The Parties shall reimburse both co-mediators for all actual out-of-pocket costs and expenses incurred in connection with the mediation.  Each Party shall be responsible for its per capita share (one third per Party) of any mediator's fee, costs, and expenses.  Those amounts are due not later than thirty (30) days after presentation of any mediator's invoice.  Either a mediator or a Party may bring a motion to enforce the Parties' payment obligations under this Order.

    6.    The co-mediators have the right to terminate this mediation at any time, for any reason, by providing written notice to counsel for all Parties.

    7.    Not later than seven (7) days after the conclusion of the mediation, the co-mediators must jointly file Local Form, *Mediation Report*.