**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Debtor and Debtor in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-22548 (CMG) |

**DEBTOR'S MOTION TO FILE UNDER
SEAL DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A)
APPROVING A SETTLEMENT AMONG CCA CONSTRUCTION,
INC., CSCEC HOLDING COMPANY, INC., BML PROPERTIES, LTD.,
AND CERTAIN RELATED PARTIES AND (B) GRANTING RELATED RELIEF**

TO THE HONORABLE CHRISTINE M. GRAVELLE, CHIEF UNITED STATES BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtor and debtor in possession (the "**Debtor**") respectfully states the following in support of this motion (this "**Motion**"):

---

[1] The last four digits of the Debtor's federal tax identification number are 4862. The Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), (i) authorizing the Debtor to file limited portions of the *Debtor's Motion for Entry of an Order (A) Approving a Settlement Among CCA Construction, Inc., CSCEC Holding Company, Inc., BML Properties, Ltd., and Certain Related Parties and (B) Granting Related Relief* (the "**Settlement Motion**")[2], including limited portions of exhibits thereto, filed substantially contemporaneously herewith, as well as the Settlement Agreement, under seal, (ii) directing that the Settlement Motion remain under seal and confidential and not be made available to anyone, except for the Court and the parties entitled to receive an unredacted copy of the Settlement Motion, and (iii) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtor confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Settlement Motion.

2

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**").

## Background

5. On December 22, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On January 22, 2025, the Court entered the *Confidentiality Stipulation and Protective Order* [Docket No. 86] (the "**Protective Order**"), which governs the production of confidential information in this case. Paragraph E.2 of the Protective Order permits a "Filing Party" (as defined therein) to file a motion to seal along with a redacted filing. *Id.* Paragraph E.4 of the Protective Order also provides that, "[i]f a Filing Party believes in good faith that a pleading relies on Confidential or Highly Confidential Information to such a degree that it is impractical for the Filing Party to conclusively determine all aspects of the pleading that could disclose Confidential or Highly Confidential Information, the Filing Party may file the entire pleading under seal, and serve the producing Parties with proposed redactions." *Id.*

7. Contemporaneously herewith, the Debtor filed the Settlement Motion which includes information that contains Confidential Information as defined in the Protective Order. In particular, the Settlement Amount (as defined in the Settlement Agreement the amount to be paid to BMLP under the Settlement) constitutes Confidential Information, as reflected in the Term Sheet attached as Exhibit B to the Settlement Motion. The Debtor respectfully requests authority to file, under seal, unredacted versions of the Settlement Motion including the exhibits thereto as well as the Settlement Agreement when it is submitted to the Court in advance of the hearing on the Settlement Motion.

8. CCA understands that CSCEC Holding, the Non-Debtor Codefendants, and BMLP do not object to the relief sought herein.

3

**Basis for Relief**

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to a scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107 of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018.

11. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *In re ESML Holdings Inc.*, 135 F.4th 80, 96 (3d. Cir. 2025) ("Second, § 107(b) uses the mandatory term 'shall' to direct the bankruptcy court's protection of the categories of information that follow, meaning the bankruptcy court lacks discretion to decline to protect covered information."). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power

4

over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

12. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27)). Commercial information "need not rise to the level of trade secret to be protected" under section 107(b) of the Bankruptcy Code. *In re FTX Trading Ltd.*, 2024 WL 4948827, * 7 (D. Del. 2024) (citing *Orion Pictures Corp.*, 21 F.3d at 27). Rather, it simply needs to be "information which would cause an unfair advantage to competitors" or "could reasonably be expected to cause the entity commercial injury." *Id.* (citations omitted).

13. Nothing in the Bankruptcy Code excludes settlement agreements from the protections of section 107(b), where appropriate. In *In re Brahmacom, Inc.* the bankruptcy court approved sealing the terms of the settlement agreement where the settlement was with the debtor's largest creditor and was "case determinative," sealing was sought for a "valid business purpose," there was a "benefit to the creditors from settlement [and] detriment to the creditors absent settlement," and there were no objections to sealing. 2005 WL 3240584 (Bankr. D. Mass June 3, 2005) at *2.

5

14. In addition, under Bankruptcy Code section 105(a), the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15. Here, CCA seeks narrowly tailored relief to redact the Settlement Amount and references thereto in the Settlement Motion, Term Sheet and Settlement Agreement. Doing so is authorized by section 107(b) of the Bankruptcy Code's carve-out for sensitive commercial information or information that would put the debtor at a commercial disadvantage. Redacting the Settlement Amount will plainly limit the commercial injury to CCA. Public disclosure of the Settlement Amount would give competitors, counterparties and current or prospective litigation adversaries information regarding the financial condition of CCA and the Non-Debtor Codefendants to which those parties would not otherwise have access. Litigation adversaries would in particular have greater information regarding CCA's capacity to pay litigation judgments or settlements, information that CCA would also not have for its part. Sealing the Settlement Amount and references thereto thus avoids putting CCA at a disadvantage. At the same time, the limited nature of the redactions sought preserves the public's access information regarding these court proceedings.

16. In addition, the circumstances of the Settlement and Settlement Agreement align with those identified in *Brahmacom* which warranted sealing. 2005 WL 3240584 (Bankr. D. Mass June 3, 2005) at *2. First, the Settlement is with CCA's single largest liquidated creditor, BMLP. Second, the Settlement is case determinative. Resolution of BMLP's claim resolves the key gating issue for a plan or other final disposition of this chapter 11 case. Third, as noted, sealing is sought for a valid business purpose, namely avoiding commercial disadvantage to CCA from disclosure of the Settlement Amount. Fourth, there is a clear benefit to all creditors from the settlement and

a failure to settle with BMLP would be plainly detrimental to CCA's creditors. Most directly, BMLP's agreement to the Settlement reflects that it considers the Settlement to its benefit. CCA's other creditors will benefit from an expeditious resolution of the chapter 11 case which is now possible following the Settlement; failure to consummate the Settlement would throw CCA's ability to successfully reorganize into doubt. Finally, BMLP and the other Parties do not object to filing the Settlement Motion or Settlement Agreement under seal.

17. The Debtor will, contemporaneously with the filing of the Settlement Motion, serve a copy of the unredacted Settlement Motion on the Court the Non-Debtor Codefendants; CSCEC Holding; BMLP; and the U.S. Trustee. The Debtor will also serve a copy of the unredacted Settlement Agreement on the Court; the Non-Debtor Codefendants; CSCEC Holding; BMLP; and the U.S. Trustee before the hearing on the Settlement Motion.

18. Accordingly, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtor requests that this Court enter the Order permitting the filing of the Settlement Motion, exhibits thereto, and the Settlement Agreement under seal.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

20. The Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee, (b) BML Properties, Ltd., (c) CSCEC Holding Company, Inc., and (d) any other party that has filed a notice of appearance in the above-captioned case within one business day of its filing. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

7

**WHEREFORE**, the Debtor respectfully requests entry of the Order, substantially in the form attached hereto as **Exhibit A** authorizing the Debtor the file the Settlement Motion, exhibits thereto, and the Settlement Agreement under seal.

Dated:   November 26, 2025

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Felice R. Yudkin
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile:  (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Debtor and Debtor in Possession*

**Exhibit A**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**DEBEVOISE & PLIMPTON LLP**<br>M. Natasha Labovitz (admitted *pro hac vice*)<br>Erica S. Weisgerber (admitted *pro hac vice*)<br>Elie J. Worenklein<br>66 Hudson Boulevard<br>New York, NY 10001<br>Telephone:    (212) 909-6000<br>Facsimile:    (212) 909-6836<br>nlabovitz@debevoise.com<br>eweisgerber@debevoise.com<br>eworenklein@debevoise.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>Felice R. Yudkin<br>Ryan T. Jareck<br>Court Plaza North, 25 Main Street<br>Hackensack, NJ 07601<br>Telephone:    (201) 489-3000<br>Facsimile:    (201) 489-1536<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>rjareck@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Co-Counsel to the Debtor and Debtor in Possession* | |
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>      Debtor. | Case No. 24-22548 (CMG)<br><br>Chapter 11<br><br>Judge: Christine M. Gravelle |

**ORDER GRANTING DEBTOR'S MOTION TO FILE
UNDER SEAL DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(A) APPROVING A SETTLEMENT AMONG CCA CONSTRUCTION,
INC., CSCEC HOLDING COMPANY, INC., BML PROPERTIES, LTD.,
AND CERTAIN RELATED PARTIES AND (B) GRANTING RELATED RELIEF**

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

---

[1] The last four digits of CCA's federal tax identification number are 4862. CCA's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

(Page | 2)

| | |
|---|---|
| Debtors: | CCA Construction, Inc. |
| Case No. | 24-22548 (CMG) |
| Caption of Order: | Order Granting Debtor's Motion to File Under Seal Debtor's Motion for Entry of an Order Approving a Settlement Among CCA Construction, Inc., CSCEC Holding Company, Inc., BML Properties, Ltd., and Certain Related Parties and (B) Granting Related Relief |

Upon the *Motion to File Under Seal Debtor's Motion for Entry of an Order Approving a Settlement Among CCA Construction, Inc., CSCEC Holding Company, Inc., BML Properties, Ltd., and Certain Related Parties and (B) Granting Related Relief* (the "**Motion**"),[2] of the above-captioned debtor and debtor in possession (collectively, the "**Debtor**") for entry of an order (this "**Order**") (a) authorizing the Debtor to redact and file under seal the Settlement Motion, exhibits thereto, and the Settlement Agreement, and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | CCA Construction, Inc. |
| Case No. | 24-22548 (CMG) |
| Caption of Order: | Order Granting Debtor's Motion to File Under Seal Debtor's Motion for Entry of an Order Approving a Settlement Among CCA Construction, Inc., CSCEC Holding Company, Inc., BML Properties, Ltd., and Certain Related Parties and (B) Granting Related Relief |

1. The request is granted and the Settlement Motion, exhibits thereto, and the Settlement Agreement shall be sealed until the expiration of the judiciary records retention period at which time the documents will be permanently deleted.

2. The Debtor is authorized to cause the unredacted versions of the Settlement Motion, exhibits thereto, and Settlement Agreement filed under seal to be shared with the Court; the Non-Debtor Codefendants; CSCEC Holding; BMLP; and the U.S. Trustee.

3. For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unseal the Settlement Motion, the Settlement Agreement, or any part(s) thereof.

4. Any party who receives the Settlement Motion or Settlement Agreement in accordance with this Order shall not disclose or otherwise disseminate such information to any other person or entity, including in response to a request under the Freedom of Information Act.