**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:   (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Reorganized Debtor*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CCA Construction, Inc.,[1] | Case No. 24-22548 (CMG) |
| Reorganized Debtor. | |

**NOTICE OF HEARING OF REORGANIZED**
**DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER**
**(I) CLOSING THE CHAPTER 11 CASE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on  May 26, 2026 at 10:00 a.m. (prevailing Eastern Time),

or as soon thereafter as counsel may be heard, CCA Construction, Inc. (before the effective date

of its chapter 11 plan, the debtor and debtor in possession in the above-captioned case ("**CCA**" or

the "**Debtor**"), and after the effective date of its chapter 11 plan, the "**Reorganized Debtor**") shall

move the *Debtor's Motion for Entry of a Final Decree and Order (I) Closing the Chapter 11 Case*

---

[1]   The last four digits of the Reorganized Debtor's federal tax identification number are 4862.  The Reorganized
Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ
07960.

*and (II) Granting Related Relief* (the "**Motion**") before the Honorable Christine M. Gravelle, Chief

United States Bankruptcy Judge, in Courtroom 3 of the United States Bankruptcy Court for the

District of New Jersey, 402 East State Street, Trenton, NJ 08608, for entry of a decree,

substantially in the form submitted herewith, closing the chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the

Motion, CCA shall rely on the accompanying Motion, which sets forth the relevant legal and

factual bases upon which the relief requested should be granted. A proposed Decree and Order

granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in

the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c)

be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who

regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding*

*Electronic Means for Filing, Signing, and Verification of Documents* dated March 27, 2002

(the "**General Order**") and the Commentary Supplementing Administrative Procedures dated as

of March 2004 (the "**Supplemental Commentary**") (the General Order, the Supplemental

Commentary and the User's Manual for the Electronic Case Filing System can be found at

www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-

interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with

the General Order and the Supplemental Commentary, so as to be received no later than seven (7)

days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this

chapter 11 case may be obtained free of charge by visiting the website of Kurtzman Carson

Consultants, LLC dba Verita Global at https://veritaglobal.net/cca. You may also obtain copies of

any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

Dated:   May 1, 2026

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:   (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:   (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Reorganized Debtor*

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel to the Reorganized Debtor*     *Co-Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CCA Construction, Inc.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 24-22548 (CMG) |

**REORGANIZED DEBTOR'S
MOTION FOR ENTRY OF A FINAL DECREE AND ORDER
(I) CLOSING THE CHAPTER 11 CASE AND (II) GRANTING RELATED RELIEF**

CCA Construction, Inc. (before the effective date of its chapter 11 plan, the debtor and

debtor in possession in the above-captioned case ("**CCA**" or the "**Debtor**"), and after the effective

date of its chapter 11 plan, the "**Reorganized Debtor**") submits this motion (the "**Motion**")[2] for

entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "**Final**

---

[1]    The last four digits of the Reorganized Debtor's federal tax identification number are 4862. The Reorganized Debtor's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan (defined herein).

**Decree**"), (i) closing its chapter 11 case (the "**Chapter 11 Case**"); (ii) terminating all claims and noticing services in connection with the Chapter 11 Case (the "**Claims and Noticing Services**") provided by Kurtzman Carson Consultants, LLC dba Verita Global ("**Verita**"); and (iii) granting such other related relief as is just and proper under the circumstances.  In support of this Motion, the Reorganized Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and *the Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  The Reorganized Debtor confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the Parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 350 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

**Background[3]**

4.      On December 22, 2024, CCA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor was authorized to operate its businesses and manage its

---

[3]   Additional information regarding CCA and the events leading up to the Chapter 11 Case is set forth in the *Declaration of Yan Wei, Chairman & Chief Executive Officer of the Debtor, in Support of Chapter 11 Petition* [Docket No. 11].

properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 30, 2025, the Debtor filed the *Chapter 11 Plan of CCA Construction, Inc.* [Docket No. 633] and subsequently filed an amended version thereof reflecting technical amendments, the *Chapter 11 Plan of CCA Construction, Inc. (Technical Amendments)* (the "**Plan**") [Docket No. 690].

6.      On January 7, 2026, the Court entered the *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice, and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* [Docket No. 647].

7.      On February 11, 2026, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, and (II) Confirming the Chapter 11 Plan of CCA Construction, Inc.* [Docket No. 698] (the "**Confirmation Order**").  The Effective Date (as such term is defined in the Plan) of the Plan occurred on February 13, 2026. See *Notice of (A) Entry of the Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Chapter 11 Plan of CCA Construction, Inc.; (B) the Effective Date Thereof; and (C) Certain Deadlines* [Docket No. 702].

8.      On April 14, 2026, the Court entered the *Order Approving Interim and Final Fee Applications of Certain Retained Professionals for the Period Covering December 22, 2024 Through February 13, 2026* [Docket No. 766] (the "**Final Fee Order**").

### Basis for Relief

9.      Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy

3

Rule 3022, which implements section 350(a) of the Bankruptcy Code, further provides that "[a]fter the estate is *fully administered* in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022 (emphasis added). Neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules define the term "fully administered." However, the Advisory Committee Notes to Bankruptcy Rule 3022 (the "**Committee Notes**") set forth the following non-exclusive list of factors to be considered in determining whether an estate has been fully administered:

    a.  whether the order confirming the plan has become final;

    b.  whether deposits required by the plan have been distributed;

    c.  whether the property proposed by the plan to be transferred has been transferred;

    d.  whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.  whether payments under the plan have commenced; and

    f.  whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991 Amendment).

10.    The Committee Notes further provide the "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed" and "[t]he court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *Id.*

11.    The Rule 3022 factors are, to be sure, "but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); *In re*

*Endo Intl. Plc*., 666 B.R. 221, 226 (Bankr. S.D.N.Y. 2024) ("Although courts should apply and weigh the factors, no one factor is dispositive."); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("…the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case…") (quoting *In re Mold Makers, Inc.*, 124 B.R. 766, 768-68 (Bankr. N.D. Ill. 1990)); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) ("The factors set forth in the [Committee] Note are plainly an aid or checklist that serves to insure [sic] that there is no unfinished business before the Court or in the case.").

12.     Furthermore, "[c]ourts have wide discretion in determining whether to close a chapter 11 case and Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *Endo Int. Plc*., 666 B.R. at 226 (quoting *In re Motors Liquidation Co*., 625 B.R. 605, 614 (Bankr. S.D.N.Y. 2021)); *see also In re Shotkoski*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009) ("[W]e believe that the decision as to whether an estate is 'fully administered' is one that falls within the discretion of the bankruptcy judge.").

13.     Here, all applicable factors set forth in the Committee Notes have occurred such that the Chapter 11 Case may properly be closed at this juncture.

    a. The Court entered the Confirmation Order on February 12, 2026.  The Confirmation Order is in full force and effect and is a Final Order.

    b. All actions, documents, certificates, and agreements necessary to substantially consummate the Plan have been tendered for delivery to the required parties.

    c. All documents and agreements necessary to implement the Plan have been executed and delivered, including the Exit Financing Facility, the Stock Transfer Agreements, and the Amended Certificate of Incorporation.

d. All conditions to the effectiveness of the Plan, as set forth in Article 9.2 of the Plan, were met or waived pursuant to the terms thereof, and on February 13, 2026, the Effective Date occurred, and the Plan was substantially consummated.

e. All property contemplated to be transferred or distributed pursuant to the Plan has been transferred to the Reorganized Debtor or Purchasing Entity, as applicable.

f. All payments or disbursements to creditors have been satisfied to the extent required by the Plan.

g. The Reorganized Debtor and Plan Administrator, as applicable, have implemented the restructuring in a manner consistent in all respects with the Plan.

14. Importantly, as of the date hereof, all motions and contested matters, if any, related to the Reorganized Debtor and the Chapter 11 Case have also been finally resolved, and there have been no adversary proceedings in this case. The Reorganized Debtor has reviewed the claims register to confirm whether any filed proofs of claim need to be addressed by the Court prior to closing the Chapter 11 Case and has identified no such proofs of claim. The final pending motions apart from this Motion were the final fee applications of certain retained professionals. *See* Docket Nos. 740, 750, 751, 752, 753, and 754. There having been no filed objections to any of these applications, the Court entered the Final Fee Order on April 14, 2026. *See* Docket No. 766.

15. In addition, the Reorganized Debtor requests that the Court close the Chapter 11 Case in light of section 1930(a)(6) of title 28 of the U.S. Code, which requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Such fees are a significant financial burden on the Reorganized Debtor. Thus, unless and until the Court enters a final decree and order closing the Chapter 11 Case, quarterly fees will continue to be due to the U.S. Trustee, causing an unnecessary financial

burden on the Reorganized Debtor.  *See In re Pulp Finish 1 Co.*, No. 12-13774 (SMB), 2014 WL 201482, *12 (Bankr. S.D.N.Y. Jan. 16, 2014) (finding that there was "no reason why [quarterly fees] should be paid to the United States Trustee instead of to creditors"); *In re Gould*, 437 B.R. 34, 38-39 (Bankr. D. Conn. 2010) (explaining that "Rule 3022 . . . does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the [UST quarterly fees] here involved have been paid" and agreeing that "no provision of law . . . prevents closing a chapter 11 case before payment of the [U.S. Trustee's quarterly fees]") (citing *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997)).

16.     Lastly, the Reorganized Debtor also seeks to terminate the services of its claims and noticing agent, Verita.  During the pendency of the Chapter 11 Case, the Court issued *General Order Governing Protocol for the Retention of Claims and Noticing Agents under 28 U.S.C. § 156(c) Pending Adoption of Local Rule* (the "**General Order**").  Among other things, the General Order provides that at the conclusion of a chapter 11 case, the debtor is required to obtain an order terminating the services of any claims and noticing agent.  In accordance with the General Order and its 28 U.S.C. § 156(c) retention application [Docket No. 8], Verita will:  (i) provide to the Court the final version of the claims register as of the date immediately before the close of the Chapter 11 Case; (ii) transport all original documents, in proper format, as provided by the Clerk, to (a) the Philadelphia Federal Records Center, located at 14700 Townsend Road, Philadelphia, PA 19154, or (b) any other location requested by the Clerk; and (iii) archive all proofs of claims received by Verita with the National Archives and Records Administration, if applicable.

17.     As a result of the foregoing, it is appropriate for the Court to enter a final decree closing the Chapter 11 Case.

7

**Notice**

18.     CCA will provide notice of this motion to:  (a) the U.S. Trustee; (b) the entities listed on the *List of Creditors Holding the 20 Largest Unsecured Claims*; (c) Lowenstein Sandler LLP, as counsel to the DIP Lender; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of New Jersey; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, CCA respectfully submits that no further notice is necessary.

**No Prior Request**

19.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that this Court (a) enter the decree and order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated:   May 1, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

*Co-Counsel to the Reorganized Debtor*

.

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Elie J. Worenklein
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
nlabovitz@debevoise.com
eweisgerber@debevoise.com
eworenklein@debevoise.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

| | |
|---|---|
| In re: | Case No. 24-22548 (CMG) |
| CCA Construction, Inc.,[1] | Chapter 11 |
| Reorganized Debtor. | Judge Christine M. Gravelle |

## FINAL DECREE AND ORDER CLOSING
## THE CHAPTER 11 CASE AND GRANTING RELATED RELIEF

---

[1]   The last four digits of CCA's federal tax identification number are 4862.  CCA's service address for the purposes of this chapter 11 case is 445 South Street, Suite 310, Morristown, NJ 07960.

Page (2)

| | |
|---|---|
| Debtor: | CCA Construction, Inc. |
| Case No.: | 24-22548 (CMG) |
| Caption of Order | Final Decree and Order Closing the Chapter 11 Case and Granting Related Relief |

The relief set forth on the following pages, numbered two (2) through five (5), is

**ORDERED**.

Page (3)
Debtor:                CCA Construction, Inc.
Case No.:              24-22548 (CMG)
Caption of Order       Final Decree and Order Closing the Chapter 11 Case and Granting Related
                       Relief

Upon the *Reorganized Debtor's Motion for Entry of a Final Decree and Order Closing the Chapter 11 Case* (the "**Motion**")[2] for entry of a final decree and order (the "**Final Decree**") closing the chapter 11 case of Reorganized Debtor pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Motion; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its estate and creditors, and other parties in interest; and the Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page (4)
Debtor:              CCA Construction, Inc.
Case No.:            24-22548 (CMG)
Caption of Order     Final Decree and Order Closing the Chapter 11 Case and Granting Related
                     Relief

2.      Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the above referenced Chapter 11 Case is hereby closed effective as of the date of entry of this Final Decree; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in the Plan and Confirmation Order.

3.      Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtor, the Plan Administrator, the United States Trustee for the District of New Jersey, or any party in interest to seek to reopen the Chapter 11 Case for cause pursuant to section 350(b) of the Bankruptcy Code or (b) the rights of the Reorganized Debtor and Plan Administrator to continue to (i) enforce and implement the terms of the Plan and Confirmation Order, and all other orders entered in the Chapter 11 Case or (ii) pay their professionals consistent with the terms of the Plan and Confirmation Order.

4.      The appointment and services of Verita as Claims and Noticing Agent in the Chapter 11 Case shall be terminated effective 30 days after the entry of this Final Decree, provided that within seven business days after entry of this Final Decree, Verita provides to the office of the Clerk of the Court (the "**Clerk**") the final version of the official claims register of the Debtor as of the date immediately before the close of the Chapter 11 Case pursuant to any current guidelines implementing 28 U.S.C. § 156(c).

5.      Verita will transport all original documents received by Verita in the Chapter 11 Case, in proper format, as provided by the Clerk, to (i) the Philadelphia Federal Records Center, located at 14700 Townsend Road, Philadelphia, PA 19154, or (ii) any other location requested by the Clerk.

Page (5)
Debtor:            CCA Construction, Inc.
Case No.:          24-22548 (CMG)
Caption of Order   Final Decree and Order Closing the Chapter 11 Case and Granting Related
                   Relief

6.      The above services to be rendered by Verita shall be a charge to the estate and Verita shall be compensated in accordance with the terms of its Engagement Agreement.

7.      Within 30 days of entry of this Final Decree, the Reorganized Debtor shall file with this Court any outstanding post-confirmation reports and/or a final post-confirmation report for the period through the date of entry of this Final Decree.

8.      The Reorganized Debtor or Plan Administrator shall pay all quarterly fees due and owing in the Chapter 11 Case on or before the last day of the calendar month following the calendar quarter in which this Final Decree is entered, pursuant to 28 U.S.C. § 1930(a)(6).

9.      Neither the Reorganized Debtor, Plan Administrator, nor Purchasing Entity shall be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Chapter 11 Case, nor shall any such quarterly fees accrue, during any period after the date of the entry of this Final Decree.

10.     The Reorganized Debtor, Plan Administrator, and Purchasing Entity, as applicable, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11.     Nothing in this Final Decree shall affect the amount or nature of any distribution made under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.